**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JORDAN LEWANDOWSKI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TAL EDUCATION GROUP, and BANGXIN ZHANG, <br><br> Defendants. | **Case No:** <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> <u>JURY TRIAL DEMANDED</u> |

Plaintiff Jordan Lewandowski ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the

1

Defendants' public documents, public filings, wire and press releases published by and regarding TAL Education Group ("TAL" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities who purchased or otherwise acquired TAL American Depository Shares ("ADSs") between June 14, 2022 and March 14, 2023, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendant's violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged

misstatements entered and the subsequent damages took place in this judicial district. TAL's securities trade on the New York Stock Exchange ("NYSE"). Accordingly, there are investors in TAL's securities located within the U.S., some of whom reside in this Judicial District.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

6.      Plaintiff Jordan Lewandowski, as set forth in the accompanying certification incorporated by reference herein, acquired TAL ADSs during the Class Period and was economically damaged thereby.

7.      Defendant TAL is an education and technology enterprise in China. The Company provides after-school tutoring programs for primary and secondary school students in the People's Republic of China ("PRC"). TAL offers comprehensive tutoring services to K-12 students covering core academic subjects, including others, mathematics, physics, chemistry, biology, history, geography, political science, English, and Chinese, as well as, through its Mobby tutoring services, young learners tutoring services for students aged three through eight.

8.      TAL is incorporated in the Cayman Islands, and the Company's principal executive offices are located at 5/F, Tower B, Heying Center, Xiaoying West Street, Haidian District, Beijing 100085, People's Republic of China ("PRC"). TAL's ADSs trade on the New York Stock Exchange ("NYSE") under the ticker symbol "TAL."

9.      Defendant Bangxin Zhang ("Zhang") has served as the Company's co-founder and Chief Executive Officer at all relevant times.

10.     Defendant Zhang:

(a)     directly participated in the management of the Company;

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

11.     TAL is liable for the acts of Defendant Zhang and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

12.     The scienter of Defendant Zhang and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

13.     TAL and Defendant Zhang are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS
### Materially False and Misleading Statements
### Issued During the Class Period

14.     On June 14, 2022, after market hours, the Company filed with the Securities and Exchange Commission ("SEC") its 2022 annual report (the "2022 Annual Report") on Form 20-F for the year ended February 28, 2022. The 2022 Annual Report was signed by Defendant Zhang attesting to the accuracy of the

Company's cessation of services relating to academic subjects to students from kindergarten through grade nine ("K9 Academic AST Services") in mainland China. The 2022 Annual Report stated the following, in relevant part:

> On July 24, 2021, the announcement of "Opinions on Further Alleviating the Burden of Homework and After-School Tutoring for Students in Compulsory Education (the "Opinion")" was made by the General Office of the CPC Central Committee and the General Office of the State Council. The Opinion contains guiding principles about requirements and restrictions related to after-school tutoring services, including (i) service providers in AST services on academic subjects relating to compulsory education or academic AST institutions, need to register as non-profit entity, (ii) foreign ownership in academic AST institutions are prohibited, including through contractual arrangements; (iii) listed companies are prohibited from raising capital to invest in businesses that teach academic subjects in compulsory education; (iv) relevant tutoring services on academic subjects in compulsory education are not allowed during public holidays, weekends and school breaks; and (v) academic AST institutions must follow the fee standards to be established by relevant authorities. The Opinion also provides that institutions providing after-school tutoring services on academic subjects in high schools (which do not fall within China's compulsory education system) shall take into consideration the Opinion when conducting activities.
>
> **In compliance with the Opinion and applicable rules, regulations and measures, the Company decided in November 2021 to cease offering K9 Academic AST Services in the mainland of China by the end of December 2021.** The Company has completed the cessation where the revenues from offering K9 Academic AST Services accounted for a substantial majority of the Company's total revenues in the fiscal years ended February 29, 2020, February 28, 2021 and 2022. The Company also has taken actions to restructure its business and operations, including the early termination of certain leased office spaces and learning centers, disposal of relevant leasehold improvements and electronic equipment, which are disclosed in Note 6, 7, 9 and 16.

Responding to the regulatory changes, the Group realigned the business focus towards enrichment learning, learning technology solutions and content solutions.

(Emphasis added.)

15.     On November 1, 2022, before market hours, the Company filed with the Securities and Exchange Commission ("SEC") its 2022 amended annual report (the "2022 Amended Annual Report") on Form 20-F/A for the year ended February 28, 2022. The 2022 Amended Annual Report was signed by Defendant Zhang attesting to the accuracy of the Company's cessation of K9 Academic AST Services in mainland China. The 2022 Amended Annual Report stated the following, in relevant part:

**Cessation of K9 Academic AST Services in mainland China**

***In compliance with regulatory policies promulgated in 2021, including the Opinions on Further Alleviating the Burden of Homework and After-School Tutoring for Students in Compulsory Education published in July 2021 by the General Office of the CPC Central Committee and the General Office of the State Council, or the Alleviating Burden Opinion Regarding Compulsory Education, we ceased offering the K9 Academic AST Services in mainland China at the end of 2021.*** The cessation of K9 Academic AST Services in mainland China has had a significantly negative impact on our financial performance for the fiscal year ended February 28, 2022 since revenues from offering K9 Academic AST Services in mainland China accounted for a substantial majority of our total revenues prior to the cessation, and is expected to have a significantly negative impact on our financial performance for the fiscal year ending February 28, 2023 and subsequent periods, compared with that of previous years.

(Emphasis added.)

16.     The statements contained in ¶¶ 14-15 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company was still providing K9 Academic AST Services; and (2) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all times.

## **THE TRUTH EMERGES**

17.     On March 14, 2023, during market hours, *Seeking Alpha* published an article entitled "TAL Education, Chinese ed-tech stocks slump on crackdown fears," stating Chinese media reports revealed the Company potentially ignored government regulations. The article stated in relevant part:

> ***According to Sina Financial, TAL subsidiary Xueersi restarted courses that run counter to conventions put in place by Xi Jinping's Common Prosperity drive. Specifically, courses were restarted in subjects like mathematics and English under the guise of permitted tutoring outside of core subjects.*** Under the "Double Reduction Policy", tutoring in core subjects must be offered as a strictly non-profit business.
>
> ***The investigation by Chinese reporters into the practices that reportedly go against government policy punished the sector on Tuesday.***
>
> (Emphasis added).

18.     On this news, the price of TAL ADS's fell 10% to close at $6.12 per ADS on March 14, further damaging investors.

19.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's ADSs, Plaintiff and the other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired TAL ADSs on the NYSE during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, members of the Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

21.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

22.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

23.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

24.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act was violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and financial condition of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused the Company to issue false and misleading filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false filings;

- whether the prices of the Company's ADSs during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

26. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- the Company's ADSs met the requirements for listing, and were listed and actively traded on the NYSE, an efficient market;

- as a public issuer, the Company filed public reports;

- the Company communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as

communications with the financial press and other similar reporting
services;

- the Company's securities were liquid and traded with moderate to
  heavy volume during the Class Period; and

- Plaintiff and members of the Class purchased, acquired and/or sold
  TAL ADSs between the time the Defendants failed to disclose or
  misrepresented material facts and the time the true facts were
  disclosed, without knowledge of the omitted or misrepresented facts.

27.    Based on the foregoing, the market for the Company securities
promptly digested current information regarding the Company from all publicly
available sources and reflected such information in the prices of the common units,
and Plaintiff and the members of the Class are entitled to a presumption of reliance
upon the integrity of the market.

28.    Alternatively, Plaintiff and the members of the Class are entitled to the
presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens
of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted
material information in their Class Period statements in violation of a duty to
disclose such information as detailed above.

## COUNT I
### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### Against All Defendants

29.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

30.     This Count asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

31.      During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

32.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

13

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of the Company's securities during the Class Period.

33.     Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

34.     Defendant Zhang, who is or was a senior executive and/or director of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when he failed to ascertain and disclose the true facts in the statements

made by him or other Company's personnel to members of the investing public, including Plaintiff and the Class.

35.     As a result of the foregoing, the market price of the Company's ADSs was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of the Company's ADSs during the Class Period in purchasing the Company's ADSs at prices that were artificially inflated as a result of Defendants' false and misleading statements.

36.     Had Plaintiff and the other members of the Class been aware that the market price of the Company's ADSs had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased the Company's ADSs at the artificially inflated prices that they did, or at all.

37.      As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

38.     By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of the Company's securities during the Class Period.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against Defendant Zhang

39.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40.    During the Class Period, Defendant Zhang participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of his senior position, he knew the adverse non-public information about the Company's misstatement of outflows.

41.    As an officer and/or director of a public business, Defendant Zhang had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

42.    Because of the position of control and authority as a senior executive and/or director, Defendant Zhang was able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period concerning the Company's results of operations. Throughout the Class Period, Defendant Zhang exercised his power and authority to cause the Company to engage in the wrongful acts complained of

herein. Defendant Zhang therefore, was a "controlling person" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, he participated in the unlawful conduct alleged which artificially inflated the market price of Company ADSs.

43.     By reason of the above conduct, Defendant Zhang is liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a)     declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)     awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c)     awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.


Dated:        March 29, 2023                    **THE ROSEN LAW FIRM, P.A.**


/s/Laurence M. Rosen
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*