**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs and the putative class*

— additional counsel on signature page —

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORDAN LEWANDOWSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAL EDUCATION GROUP, and BANGXIN ZHANG,<br><br>Defendants. | **Case No.: 2:23-cv-01769-MEF-JRA**<br><br>Hon. Michael E. Farbiarz, U.S.D.J<br><br><u>CLASS ACTION</u> |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I.    RELEVANT LAWS

The Parties agree that the Double Reduction itself (translation filed herewith, Supplemental Declaration of Jonathan Horne ("Horne Supp. Dec."), Ex. 1) and the Interpretive Guidelines (translation filed at Dkt. No. 35-1) are relevant sources of law.[1]

## II.    THE RELEVANT PORTIONS OF THE DOUBLE REDUCTION ARE MANDATORY

At oral argument, Defendant promised that it "could quote at length from [the Double Reduction] for you and show you that this bears no relation to a statutory pronouncement or something that actually makes clear to a company this is exactly what you must not do."  Horne Supp. Dec. Ex. 3 at 27:7-11. The Double Reduction does contain "shoulds", but not in the places that determine whether TAL could engage in non-academic tutoring. Its Paragraph 13 distinguishes between academic and non-academic tutoring institutions, and insists that the former "must not" be publicly listed (among other things). TAL is listed, so it cannot be a "non-academic tutoring institution." Paragraph 14 provides that "it is strictly prohibited for non-academic tutoring institutions to engage in academic tutoring." So, regardless of when the Double Reduction anticipates its goals will be met (Paragraph 3), as a listed for-profit company, TAL cannot engage in "academic tutoring." And exactly as Plaintiffs said, the Double Reduction does not define "academic," leaving the term for later clarification.

Even if the Double Reduction did not use mandatory language, it would still impose obligations. The Double Reduction, issued jointly by the Central Committee of the CPC and the State Council (the highest-level government entity) (Horne Supp. Dec. Ex. 1, at 1), is a "national education policy." Such policies supply rules of decision in China. Larry A. DiMatteo, *"Rule of Law" in China: The Confrontation of Formal Law with Cultural Norms*, 51 Cornell Int'l L.J. 391, 426 (2018) ("[I]f there is a perceived conflict between government policy … and formal law, [most courts] will most often ignore the law and side with policy objectives.").

## III.    THE INTERPRETIVE GUIDELINES ARE AN AUTHORITATIVE INTERPRETATION OF THE DOUBLE REDUCTION

In civil law countries like China, authoritative interpretations rather than judicial precedents guide statutory interpretation. In China, national departments are among the bodies that can issue authoritative interpretations. *The Chinese Legal System Made Easy: A Survey of the Structure of Government, Creation of Legislation, and the Judicial System Under the Constitution and Major Statutes of the People's Republic of China*, 9 U. Miami Int'l & Comp. L. Rev. 225, 244 (2001) (citing Albert H.Y. Chen, *An Introduction to the Legal System of the People's Republic of China* 96 (1992)). Among them is the National Ministry of Education. Horne Supp. Dec. Ex. 4.

---

[1] Plaintiffs sent Defendant a proposed translation of the Double Redaction November 6. Defendant responded on November 13, the day Plaintiffs' submission was due, proposing material changes. Despite their differences, the Parties substantially agree on the translation of the provisions quoted in this Brief. A redline of Defendant's translation against Plaintiffs' is attached hereto. Horne Supp. Dec. Ex. 2.

1

Plaintiffs have already filed a verified translation of the Interpretive Guidelines. Dkt. No. 31-5. The Interpretive Guidelines were issued to every education bureau in China by the National Ministry of Education. They were meant "to implement the [Double Reduction]"; they are plainly within that Ministry's jurisdiction. *Id.* at 1. The Interpretive Guidelines command every education bureau in China to "adhere strictly" to the Double Reduction. *Id.* at 2. And the Interpretive Guidelines explain how local governments, other bodies, and TAL Education itself, can determine whether listed for-profit institutions like TAL violate the Double Reduction's prohibition on "academic" tutoring: it provides an interpretation of the term. *Id.* at 2. Courts and other authoritative bodies (such as sub-national governments) will rely on the Interpretive Guidelines to determine whether particular classes are "academic." Perry Keller, *Sources of Order in Chinese Law*, 42 Am. J. Comp. L. 711, 730 (1994). Thus, the Interpretive Guidelines impose obligations because they interpret mandatory provisions of the Double Reduction.

## IV.    PLAINTIFFS HAVE MET ALL PROCEDURAL REQUIREMENTS

The Complaint paraphrases the relevant portions of the Double Reduction and quotes the relevant portions of the Interpretive Guidelines. ¶¶69-73, 125. Though Defendant has never disputed the accuracy of these translations or paraphrases, it has consistently argued that the Complaint is deficient solely for failing to plead certified translations. Not so.

Courts differ on whether foreign law is subject to Rule 44.1 when it is an element of plaintiffs' claims (like here) rather than a rule of decision. *See S.E.C. v. Jackson*, 908 F. Supp. 2d 834, 859 n.15 (S.D. Tex. 2012) (if an element, foreign law is a fact that must be pled). If foreign law is not subject to Rule 44.1 when it is an element, then the Court accepts the Complaint's translations of the relevant portion of the Interpretive Guidelines and its paraphrase of the Double Reduction, and draws favorable inferences therefrom, regardless of whether the translation is certified. *In re Qudian Inc. Sec. Litig.*, 2019 WL 4735376, at *3 n.3 (S.D.N.Y. Sept. 27, 2019) (citing *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 90 n.5 (2d Cir. 2009)). If so, the Complaint and the inferences it permits easily establish that the Double Reduction prohibited Defendant's academic tutoring. ¶¶91-121; 125-28; Dkt. No. 31 at 8-16, 19-27.

If Rule 44.1 does apply, then the Court considers the certified translations of the Double Reduction and Interpretative Guidelines that Plaintiffs have submitted. Wright & Miller, § 2443 Proof of Foreign Law (3d ed.) (noting that foreign law need not be pled). The court also considers "any relevant material … whether or not … admissible," such as the articles cited in this brief. Fed.R.Civ.Proc. 44.1; Wright & Miller, § 2444 Proof of Foreign Law (3d ed.); *Sunstar, Inc. v. Alberto-Culver Co.*, 586 F.3d 487, 495-96 (7th Cir. 2009) (courts should rely on published materials like law review articles in determining foreign law). The materials Plaintiffs submitted show that the Double Reduction prohibits Defendant's classes because they are academic tutoring.

Thus, in either case, Plaintiffs have met their burden. Defendant's argument that Plaintiffs' Complaint should be dismissed solely because it did not include complete verified translations of the statute with their Complaint violates Rule 12(b)(6), Rule 44.1, or both.

Dated: November 13, 2024                    **THE ROSEN LAW FIRM, P.A.**


/s/Laurence M. Rosen
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

-and-

Jonathan Horne (pro hac vice)
Jing Chen
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com
Email: jchen@rosenlegal.com


*Counsel for Plaintiffs and the putative class*

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/Laurence M. Rosen

4