Kevin H. Marino
John D. Tortorella
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, NJ 07928-1488
Telephone: (973) 824-9300
Facsimile: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

*Attorneys for TAL Education Group*

[Other counsel on signature block]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORDAN LEWANDOWSKI, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>TAL EDUCATION GROUP, and BANGXIN ZHANG,<br><br>Defendants. | Case No:  2:23-cv-01769-MEF-JRA<br><br>Hon. Michael E. Farbiarz, U.S.D.J.<br><br><u>CLASS ACTION</u> |

## DEFENDANTS' ANSWER TO PLAINTIFFS' <u>AMENDED COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 12, Defendant TAL Education Group ("TAL") respectfully submits this Answer to the Amended Complaint.

### GENERAL DENIAL

Except as otherwise expressly admitted in paragraphs 1 through 213 below, Defendants deny each and every allegation of paragraphs 1 through 213 of the Amended Complaint, as well as the Prayer for Relief and Jury Demand.  TAL (i) incorporates into each response a denial of any allegations in the Amended Complaint to the extent such allegations assert or suggest that TAL made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, and (ii) to the extent that any response is required, denies any allegations or averments in the headings, subheadings, and footnotes of the Amended Complaint.

Further, Defendants deny any and all wrongdoing and/or liability to Lead Plaintiff Xuanjun Meng and additional named plaintiff Jordan Lewandowski (together, "Plaintiffs") and members of the purported class of persons on whose behalf this action is said to be brought.  To the extent the Amended Complaint asserts legal contentions, such legal contentions require no response in this Answer.

TAL, by and through its undersigned attorneys Marino, Tortorella & Boyle, P.C. and Quinn Emanuel Urquhart & Sullivan, LLP, respond to the specific allegations in the Amended Complaint as follows:

1

**SPECIFIC RESPONSES TO THE PARAGRAPHS
IN THE SECOND AMENDED COMPLAINT**

TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory paragraph as to the sources of information for the Amended Complaint.  TAL denies the allegations in the second sentence of the introductory paragraph.

## I.    INTRODUCTION

1.      TAL admits that Plaintiffs are seeking to assert a class action with the class period referenced in Paragraph 1 and footnote 2.  TAL denies any wrongdoing or basis for such a class action.  The allegations in footnote 1 relate only to syntax within the Amended Complaint and therefore require no response.

2.      TAL denies the allegations in the first seven sentences of Paragraph 2.  TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 2.

*TAL claims to have developed an enrichment learning segment[1]*

3.      TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 3.  TAL denies the allegations in the second sentence of Paragraph 3.  TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 3 because Plaintiffs have not defined "industry" or "academic."

---

[1] The section headings and subheadings do not constitute allegations and therefore require no response.  To the extent a response is required, TAL denies any allegations contained within the section headings and subheadings.

4.     TAL respectfully refers the Court to the contents of the public pronouncements and regulations, including the Double Reduction, referenced in Paragraph 4, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

5.     TAL respectfully refers the Court to the contents of the public announcements referenced in Paragraph 5, and denies the allegations to the extent that Plaintiffs have reported those contents incorrectly.

6.     TAL denies the allegations in Paragraph 6.

7.     TAL denies the allegations in Paragraph 7.

8.     TAL respectfully refers the Court to the investor communications referenced in Paragraph 8, and denies the allegations to the extent Plaintiffs have reported the contents of those communications incorrectly.

***TAL's enrichment classes were no more than renamed academic tutoring classes.***

9.     TAL denies the allegations in Paragraph 9.

10.    TAL denies the allegations in Paragraph 10.

11.    TAL denies the allegations in Paragraph 11.

12.    TAL denies the allegations in Paragraph 12.

13.    TAL denies the allegations in Paragraph 13.

14.    As to the first sentence of Paragraph 14, TAL respectfully refers the Court to the contents of the referenced report, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL denies the allegations in the second sentence of Paragraph 14.

3

15.     TAL respectfully refers the Court to the contents of the reports referenced in Paragraph 15, and denies the allegations to the extent that Plaintiffs have reported those contents incorrectly.

16.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16.  As to the second sentence of Paragraph 16, TAL respectfully refers the Court to publicly-available ADS information, and denies the allegations to the extent Plaintiffs have reported that information incorrectly.

17.     TAL denies the allegations in Paragraph 17.

## II.     JURISDICTION AND VENUE

18.     Paragraph 18 includes legal conclusions to which no response is required. To the extent a response is required, TAL denies the allegations.

19.     Paragraph 19 includes legal conclusions to which no response is required.

20.     TAL denies the allegations in the first sentence of Paragraph 20.  TAL admits the allegations in the second and third sentences of Paragraph 20.

21.     TAL denies the allegations in Paragraph 21.

## III.     PARTIES

### A.     Plaintiffs

22.     TAL denies knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 22.

### B.     Defendants

23.     TAL denies the allegations in the first six sentences in Paragraph 23.  TAL admits the allegations in the last two sentences of Paragraph 23.

24. TAL admits the allegations in the first sentence of Paragraph 24, and admits that Mr. Zhang has served as chairman of the board again since April 2022. TAL respectfully refers the Court to the contents of the SEC filings referenced in the second sentence of Paragraph 24, and denies the allegations to the extent Plaintiffs have reported that information incorrectly.

25. TAL denies the allegations in the first sentence of Paragraph 25. TAL admits the allegations in the last two sentences of Paragraph 25.

26. TAL denies the allegations in Paragraph 26.

27. Paragraph 27 merely defines a term and therefore requires no response. To the extent a response is required, TAL denies the allegations.

28. TAL denies the allegations in Paragraph 28.

29. TAL denies the allegations in Paragraph 29.

30. Paragraph 30 merely defines a term and therefore requires no response. To the extent a response is required, TAL denies the allegations.

**C.      Former Employees**

31. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

5

34.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

## IV.    BACKGROUND

### A.    Chinese Parents Naturally Fear For Their Children's Future In A Hypercompetitive Educational System

40.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 40.  TAL admits the allegations in the second sentence of Paragraph 40.

41.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44.     TAL admits the allegations in the first sentence of Paragraph 44.  TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 44.

45.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

**B.      The Chinese Tutoring Industry Grows To Several Hundred Billion Dollars By Stoking Parents' Fears**

48.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     TAL denies the allegations in Paragraph 49.

50.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.    TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.    TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.    TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.    TAL denies the allegations in Paragraph 56.

**C.    The Chinese Government Promulgates Increasingly Stringent Regulations To Curb The Excesses Of The Afterschool Tutoring Industry**

57.    TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.    TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.    TAL respectfully refers the Court to the contents of the regulations referenced in Paragraph 59, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

60.    TAL respectfully refers the Court to the contents of the regulation referenced in Paragraph 60, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

61.    TAL respectfully refers the Court to the contents of the regulation referenced in Paragraph 61, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

62.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63.     TAL respectfully refers the Court to the contents of the regulation referenced in Paragraph 63, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

64.     TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     TAL respectfully refers the Court to the contents of the article referenced in Paragraph 65, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

66.     TAL respectfully refers the Court to the contents of the Two Sessions proceedings and public statements regulations referenced in Paragraph 66, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

### D.     The Chinese Government Enacts A Sweeping New Law Virtually Outlawing TAL's Business Model

67.     TAL respectfully refers the Court to the contents of the Double Reduction referenced in Paragraph 67, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

68.     TAL admits the allegations in Paragraph 68.

69.     TAL respectfully refers the Court to the contents of the Double Reduction referenced in Paragraph 69, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

70.    TAL respectfully refers the Court to the contents of the Double Reduction referenced in Paragraph 70 and the second sentence of footnote 3, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL admits the allegations in the first sentence of footnote 3.

71.    TAL respectfully refers the Court to the contents of the Double Reduction referenced in Paragraph 71, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

72.    TAL respectfully refers the Court to the contents of the Double Reduction referenced in Paragraph 72, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

73.    TAL respectfully refers the Court to the contents of the Double Reduction referenced in Paragraph 73, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

74.    TAL respectfully refers the Court to the contents of the Double Reduction referenced in the first sentence of Paragraph 74, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 74.

75.    TAL respectfully refers the Court to the contents of the regulation referenced in Paragraph 75, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

76.     TAL respectfully refers the Court to the contents of the regulation referenced in the first sentence of Paragraph 76, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 76.

77.     TAL respectfully refers the Court to the contents of the regulations referenced in Paragraph 77, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

78.     TAL respectfully refers the Court to the contents of the regulations referenced in Paragraph 78, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

79.     TAL respectfully refers the Court to the contents of the regulations referenced in Paragraph 79, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

80.     TAL respectfully refers the Court to the contents of the article referenced in Paragraph 80 and footnote 4, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

## V.    TAL CONTINUES TO ENGAGE IN ACADEMIC TUTORING EVEN AFTER THE DOUBLE REDUCTION FORBIDS IT

### A.    Tal Purportedly Ceases After-School Tutoring

81.     TAL denies the allegations in the first sentence of Paragraph 81.  TAL admits the allegations in the second sentence of Paragraph 81, and respectfully refers the Court to

the contents of the SEC documents referenced in footnote 5, and denies the allegations in footnote 5 to the extent Plaintiffs have reported those contents incorrectly.  TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 81.

82.    TAL respectfully refers the Court to the contents of the announcement referenced in Paragraph 82, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

83.    TAL respectfully refers the Court to the contents of the statement referenced in Paragraph 83, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

84.    TAL respectfully refers the Court to the contents of the statement referenced in Paragraph 84, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

**B.    TAL Purportedly Expands Its Enrichment Education Business Line**

85.    TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 85.  TAL denies the allegations in the second sentence of Paragraph 85.

86.    TAL respectfully refers the Court to the contents of the statement referenced in Paragraph 86, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

87.    Paragraph 87 is a characterization that does not require a response.  To the extent a response is required, TAL denies the allegations.

88.    TAL denies the allegations in Paragraph 88.

89.    TAL denies the allegations in Paragraph 89.  TAL admits the allegations in the first and third sentences of footnote 6.  TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of footnote 6.

90.    TAL respectfully refers the Court to the contents of the analyst reports referenced in Paragraph 90, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

91.    TAL denies the allegations in Paragraph 91.

**C.    TAL's "Enrichment" Program Is Academic Tutoring By Another Name**

92.    TAL respectfully refers the Court to the contents of the statement referenced in Paragraph 92, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

93.    TAL denies the allegations in Paragraph 93.

94.    TAL denies the allegations in the first six sentences of Paragraph 94.  TAL denies knowledge or information sufficient to form a belief as to what FE 3 told Plaintiffs' counsel, and denies the contents of FE 3's alleged statements.

95.    TAL denies the allegations in Paragraph 95.

96.    TAL denies the allegations in Paragraph 96.

97.    TAL denies the allegations in Paragraph 97.

98.    TAL denies the allegations in the first two sentences of Paragraph 98.  TAL respectfully refers the Court to the contents of the statements referenced in the third

13

sentence of Paragraph 98, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

99. TAL denies the allegations in Paragraph 99.

100. TAL denies the allegations in the first two sentences of Paragraph 100. TAL respectfully refers the Court to the contents of the report referenced in the third and fourth sentences of Paragraph 100, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

### 1. TAL's "Creative Thinking" Class Is Just A Curricular Math Class

101. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 101. TAL denies the allegations in the third sentence of Paragraph 101.

102. TAL respectfully refers the Court to the contents of the document posted on Weibo referenced in Paragraph 102, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly. TAL further denies that the syllabus alleged therein is authentic or representative of TAL's official syllabus.

103. TAL respectfully refers the Court to the contents of the document posted on Weibo referenced in Paragraph 103, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly. TAL further denies that the syllabus alleged therein is authentic or representative of TAL's official syllabus. TAL admits the allegations in the first sentence of footnote 7. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of footnote 7.

104. TAL denies the allegations in Paragraph 104.

14

105.   TAL denies the allegations in Paragraph 105.

106.   TAL denies the allegations in Paragraph 106.  TAL admits the allegations in footnote 8 to the extent they purport to define and explain "reverse deduction."

107.   TAL respectfully refers the Court to the contents of the excerpts referenced in Paragraph 107 and footnotes 9 and 10, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

108.   TAL denies the allegations in the first sentence of Paragraph 108.  TAL respectfully refers the Court to the contents of the MOE Curriculum Guide referenced in the remaining sentences of Paragraph 108, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

### 2.   *TAL's "Humanistic Creation" Class Is Just A Curricular Chinese Class*

109.   TAL respectfully refers the Court to the contents of the MOE Curriculum Guide referenced in Paragraph 109, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL admits the allegations in footnote 11 to the extent they purport to define and explain "radicals."

110.   TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111.   TAL respectfully refers the Court to the contents of the Cailian Report referenced in Paragraph 111, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL further denies that the syllabi described in the Cailian Report are authentic or representative of TAL's official syllabi.

112.   TAL respectfully refers the Court to the contents of the Cailian Report referenced in Paragraph 112, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

113.   TAL respectfully refers the Court to the contents of the Cailian Report referenced in Paragraph 113, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

114.   TAL denies the allegations in Paragraph 114.

115.   TAL respectfully refers the Court to the contents of the Cailian Report referenced in the first and second sentences of Paragraph 115, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL further denies that the syllabi described in the Cailian Report are authentic or representative of TAL's official syllabi.  TAL respectfully refers the Court to the contents of the MOE Curriculum Guide referenced in the third sentence of Paragraph 115, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

116.   TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.   TAL denies the allegations in the first and third sentences of Paragraph 117.

118.   TAL respectfully refers the Court to the contents of the MOE Curriculum Guide referenced in the second sentence of Paragraph 117, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL respectfully refers the Court to the contents of the Cailian Report referenced in the first sentence of Paragraph 118, and denies the allegations to the extent Plaintiffs have reported those contents

16

incorrectly. TAL further denies that the syllabi described in the Cailian Report are authentic or representative of TAL's official syllabi. TAL also denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 118 concerning the purported content of syllabi "obtained" by Plaintiffs. TAL respectfully refers the Court to the contents of the MOE Curriculum Guide referenced in the second sentence of Paragraph 118, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

119. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120. TAL respectfully refers the Court to the contents of the Cailian Report referenced in the first sentence of Paragraph 120, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly. TAL further denies that the syllabi described in the Cailian Report are authentic or representative of TAL's official syllabi. TAL admits the allegations in the second sentence of Paragraph 120 to the extent that selections of classical Chinese poetry, including Liangzhou Ci lyrics, the Congjun Xing, and poems by Li Qingzhao, are taught to provide demonstrations and examples of Chinese literature, history, and culture, and denies that teaching such poems is contrary to the Double Reduction. TAL respectfully refers the Court to the contents of the MOE Curriculum and national Chinese textbooks referenced in the third and fourth sentences of Paragraph 120, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly. TAL respectfully refers the Court to the contents of the Cailian Report referenced in the fifth sentence of Paragraph 120, and denies the allegations to the extent

17

Plaintiffs have reported those contents incorrectly. TAL denies the allegations in the sixth sentence of Paragraph 120.

121. TAL denies knowledge or information sufficient to form a belief as to the truth of what FE 4 told Plaintiffs, and denies the contents of the statement attributed to FE 4 in Paragraph 121.

> 3.     *TAL's Promotional Materials Brag that TAL's Courses Cover the Same Material As Academic Courses*

122. TAL denies the allegations in Paragraph 122.

123. TAL denies the allegations in Paragraph 123.

124. TAL respectfully refers the Court to the contents of the Cailian Report referenced in Paragraph 124, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly. TAL further denies that the pamphlets described in the Cailian Report are authentic or representative of TAL's official promotional materials.

> 4.     *TAL Organizes Classes and Evaluates Candidates In The Exact Way the Chinese Ministry of Education has Characterized As Typical of Academic Tutoring*

125. TAL respectfully refers the Court to the contents of the Identification Guidelines referenced in Paragraph 125, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

126. TAL denies the allegations in Paragraph 126.

127. TAL denies the allegations in Paragraph 127. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 127 because TAL cannot determine the syllabi to which Plaintiffs

18

are referring.  TAL respectfully refers the Court to the contents of the Cailian Report referenced in Paragraph 127, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  The last sentence of Paragraph 127 is speculation that does not require a response.  To the extent a response is required, TAL denies the allegations.

128.    The first sentence of Paragraph 128 is a characterization that does not require a response.  To the extent a response is required, TAL denies the allegations.  TAL admits the allegations in the second, third, and fourth sentences of Paragraph 128.  TAL denies Plaintiffs' characterizations in the fifth sentence of Paragraph 128.  TAL respectfully refers the Court to the contents of the Cailian Report referenced in the last two sentences of Paragraph 128, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

5.      *TAL Seeks Teachers For Academic Classes and Parents Report They Are Buying Academic Classes From TAL*

129.    TAL denies the allegations in Paragraph 129.

130.    TAL denies the allegations in the first sentence of Paragraph 130.  TAL respectfully refers the Court to the contents of the Cailian Report referenced in the second, third, and fourth sentences of Paragraph 130, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.  TAL denies the allegations in the last sentence of Paragraph 130.

131.    TAL denies knowledge or information sufficient to form a belief as to the truth of what advertisements Plaintiffs located, as referenced in the first two, and last three,

sentences of Paragraph 131. TAL denies the allegations in the third sentence of Paragraph 131.

132. TAL respectfully refers the Court to the contents of the Cailian Report referenced in Paragraph 132, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

133. TAL denies the allegations in the first sentence of Paragraph 133. TAL respectfully refers the Court to the contents of the article referenced in the second and third sentences of Paragraph 133 and footnote 12, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

> 6. *Chinese Governments Find TAL In Violation of Double Reduction Requirements*

134. TAL denies the allegations in Paragraph 134.

135. TAL denies the allegations in Paragraph 135.

136. TAL denies the allegations in Paragraph 136, and respectfully refers the Court to the contents of the article cited in footnote 13, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

137. TAL denies the allegations in Paragraph 137.

138. TAL respectfully refers the Court to the contents of the report referenced in Paragraph 138, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

139. TAL denies the allegations in Paragraph 139.

20

140. TAL respectfully refers the Court to the contents of the article referenced in the first sentence of Paragraph 140 and footnote 14, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly. TAL denies the allegations in the last two sentences of Paragraph 140.

## VI.    LOSS CAUSATION

141. TAL respectfully refers the Court to the contents of the Cailian Report referenced in Paragraph 141, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

142. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 142. TAL respectfully refers the Court to the contents of the article and reports referenced in the second sentence of Paragraph 142, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

143. TAL respectfully refers the Court to public ADS information, and denies the allegations to the extent Plaintiffs have reported the information in Paragraph 143 incorrectly.

## VII.   FALSE STATEMENTS

144. TAL respectfully refers the Court to the contents of the Form 6-K referenced in Paragraph 144, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

145. TAL denies the allegations in Paragraph 145.

146. TAL respectfully refers the Court to the contents of the call referenced in Paragraph 146, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

147. TAL respectfully refers the Court to the contents of the call referenced in Paragraph 147, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

148. TAL denies the allegations in Paragraph 148.

149. TAL respectfully refers the Court to the contents of the Form 20-F referenced in Paragraph 149, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

150. TAL respectfully refers the Court to the contents of the Form 20-F referenced in Paragraph 150, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

151. TAL denies the allegations in Paragraph 151.

152. TAL respectfully refers the Court to the contents of the Form 20-F referenced in Paragraph 152, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

153. TAL denies the allegations in Paragraph 153.

154. TAL respectfully refers the Court to the contents of the call referenced in Paragraph 154, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

155.    TAL respectfully refers the Court to the contents of the call referenced in Paragraph 155, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

156.    TAL denies the allegations in Paragraph 156.

157.    TAL respectfully refers the Court to the contents of the call referenced in Paragraph 157, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

158.    TAL denies the allegations in Paragraph 158.

159.    TAL admits the allegations in Paragraph 159.

160.    TAL respectfully refers the Court to the contents of the call referenced in Paragraph 160, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

161.    TAL denies the allegations in Paragraph 161.

162.    TAL respectfully refers the Court to the contents of the amendment referenced in Paragraph 162, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

163.    TAL respectfully refers the Court to the contents of the Form 20-F referenced in Paragraph 163, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

164.    TAL denies the allegations in Paragraph 164.

165.    TAL respectfully refers the Court to the contents of the call referenced in Paragraph 165, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

166.    TAL denies the allegations in Paragraph 166.

## VIII.    ADDITIONAL FACTS FURTHER PROBATIVE OF SCIENTER

### A.    TAL's Curriculum and Promotional Materials Are Uniform and Created and Approved By Its Beijing Headquarters

167.    TAL denies knowledge or information sufficient to form a belief as to the truth of what former TAL employees told Plaintiffs' counsel, as referenced in Paragraph 167.

168.    TAL admits the allegations in Paragraph 168.

169.    TAL denies knowledge or information sufficient to form a belief as to what FE 1 and FE 5 told Plaintiffs' counsel, and denies the contents of FE 1 and FE 5's alleged statements.  TAL admits the allegations in the second sentence of Paragraph 169 and footnote 15.  TAL denies knowledge or information sufficient otherwise to form a belief as to the truth of the allegations in the third sentence of Paragraph 169 because Plaintiffs do not explain the meanings of "created and overseen" or "centralized divisions."

170.    TAL denies knowledge or information sufficient to form a belief as to what FE 1 and FE 5 told Plaintiffs' counsel, and denies the contents of FE 1 and FE 5's alleged statements.

171. TAL denies knowledge or information sufficient to form a belief as to what FE 7, FE 8, and FE 9 told Plaintiffs' counsel, and denies the contents of FE 7, FE 8, and FE 9's alleged statements.

172. TAL denies knowledge or information sufficient to form a belief as to what FE 6 told Plaintiffs' counsel, and denies the contents of FE 6's alleged statements.

173. TAL denies knowledge or information sufficient to form a belief as to what FE 5 and FE 7 told Plaintiffs' counsel, and denies the contents of FE 5 and FE 7's alleged statements.

174. TAL denies knowledge or information sufficient to form a belief as to what FE 1 told Plaintiffs' counsel, and TAL admits the allegations in Paragraph 174.

175. TAL denies knowledge or information sufficient to form a belief as to what FE 2 told Plaintiffs' counsel, and denies the contents of FE 2's alleged statements.

176. TAL denies knowledge or information sufficient to form a belief as to what FE 2 told Plaintiffs' counsel, and denies the contents of FE 2's alleged statements.

177. TAL denies knowledge or information sufficient to form a belief as to what FE 7 and FE 8 told Plaintiffs' counsel.

178. The first sentence of Paragraph 87 is a characterization that does not require a response. To the extent a response is required, TAL denies the allegations. TAL denies knowledge or information sufficient to form a belief as to what FE 1 told Plaintiffs' counsel.

25

179. TAL respectfully refers the Court to the contents of the article referenced in Paragraph 179, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

180. TAL denies knowledge or information sufficient to form a belief as to what FE 1 told Plaintiffs' counsel, and denies knowledge or information sufficient to form a belief as to whether the central database contained all relevant materials at all relevant times. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 180 because Plaintiffs do not explain the meanings of "executive permissions" or "business groups."

## B. A Media Campaign Called Attention To Academic Courses Disguised As Enrichment Learning

181. TAL respectfully refers the Court to the contents of the article referenced in Paragraph 181, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

182. TAL respectfully refers the Court to the contents of the order referenced in Paragraph 182, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

183. TAL respectfully refers the Court to the contents of the article referenced in Paragraph 183, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

184. TAL respectfully refers the Court to the contents of the articles and reports referenced in Paragraph 184 and footnote 16, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly, and denies Plaintiffs' characterizations.

185. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 as to the reason for the release of the referenced Opinions.

### C. TAL's Enrichment Segment Is Critical to TAL's Health and TAL Misleadingly Distances Itself From Its Actions After the CaiLian Report

186. TAL denies the allegations in the first sentence of Paragraph 186.

187. TAL denies the allegations in the first sentence of Paragraph 187. TAL respectfully refers the Court to the contents of the statement referenced in the remaining sentences of Paragraph 187, and denies the allegations to the extent Plaintiffs have reported those contents incorrectly.

188. TAL denies the allegations in Paragraph 188.

## IX. CLASS ACTION ALLEGATIONS

189. Paragraph 189 includes legal conclusions to which no response is required. To the extent a response is required, TAL denies the allegations.

190. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 190. TAL admits the allegations in the second sentence of Paragraph 190. TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remaining sentences of Paragraph 190.

191.    TAL denies the allegations in Paragraph 191.

192.    TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192.

193.    TAL denies the allegations in Paragraph 193.

194.    TAL denies the allegations in Paragraph 194.

## X.    APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD ON THE MARKET)

195.    TAL denies the allegations in Paragraph 195.

196.    TAL denies the allegations in Paragraph 196.

197.    TAL denies the allegations in Paragraph 197.

198.    TAL denies the allegations in Paragraph 198.

## XI.    COUNT I

### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder Against All Defendants

199.    TAL repeats each and every response to each and every allegations above as though fully set forth herein.

200.    Paragraph 200 includes legal conclusions to which no response is required. To the extent a response is required, TAL denies the allegations.

201.    TAL denies the allegations in Paragraph 201.

202.    TAL denies the allegations in Paragraph 202.

203.    TAL denies the allegations in Paragraph 203.

204.    TAL denies the allegations in Paragraph 204.

205.    TAL denies the allegations in Paragraph 205.

206.   TAL denies the allegations in Paragraph 206.

207.   TAL denies the allegations in Paragraph 207.

208.   TAL denies the allegations in Paragraph 208.

## XII.   COUNT II

### Violations of Section 20(a) of the Exchange Act Against the Individual Defendants

209.   TAL repeats each and every response to each and every allegations above as though fully set forth herein.

210.   TAL denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 210 because Plaintiffs have not specified how or when the Individual Defendants participated in the operation and management of the Company, nor how the Individual Defendants conducted and participated in the Company's business.  TAL denies the allegations in the second sentence of Paragraph 210.

211.   TAL denies the allegations in Paragraph 211.

212.   TAL denies the allegations in the first, second, and fourth sentences of Paragraph 212.  The third sentence of Paragraph 212 contains legal conclusions that require no response.  To the extent a response is required, TAL denies the allegations in the third sentence of Paragraph 212.

213.   TAL denies the allegations in Paragraph 213.

## XIII.  PRAYER FOR RELIEF

TAL denies that Plaintiffs are entitled to any relief.

## JURY TRIAL DEMANDED

TAL admits that Plaintiffs have requested a jury, but denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

TAL offers the following defenses in response to the allegations set forth in the Amended Complaint.  TAL reserves the right to amend this Answer, to amend, modify, and/or supplement its defenses, and to plead and assert additional defenses as they become known and appropriate during the course of the litigation, including without limitation any defenses that may arise as a result of any findings, conclusions, or other action taken.  By asserting these defenses, TAL does not concede that TAL bears the burden of proof on any defense.  Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations.  TAL further reserves the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which it becomes aware during discovery.  To the extent that any defense asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to plead the elements of their causes of action with particularity pursuant to Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation

30

Reform Act of 1995 ("PSLRA").

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Defendants did not make false or misleading statements of material fact or omissions of material fact, and/or because TAL's risk disclosures rendered any supposed misstatements or omissions immaterial, and TAL complied with all applicable disclosure requirements.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because TAL was under no duty or obligation to disclose any allegedly withheld information.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs did not reasonably rely on any of the purported misstatements or omissions alleged in the Amended Complaint in deciding to purchase TAL ADSs.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because the alleged misstatements constituted, contained, or were based upon non-actionable expressions of opinion that were truly held and reasonably made.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because certain alleged misstatements were forward-looking statements under the PSLRA Safe Harbor and the bespeaks caution doctrine, were identified as forward-looking, and were accompanied by meaningful cautionary statements identifying important factors that could cause actual

results to differ materially from those in the forward-looking statements.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because even assuming there was any misleading statement or omission, which TAL denies, Plaintiffs knew or should have known the allegedly omitted or misstated information, or ratified the alleged wrongful acts and omissions alleged in the Amended Complaint, or would have purchased TAL ADSs even with full knowledge of the facts that they now allege were misrepresented or omitted.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because TAL did not act knowingly or recklessly as to any alleged material misstatement or omission.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because TAL at all times and with respect to all matters contained herein acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because TAL is not liable for any alleged damages suffered by Plaintiffs and other members of the putative class to the extent that their purported damages, if any, were caused or contributed to by the policies, practices, acts, or omissions of independent persons or entities other than TAL over which TAL had no control.  15 U.S.C. § 78u-4(f)(3)(A).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because some or all of the matters now claimed by the Amended Complaint to be the subject of misrepresentations or omissions were disclosed or in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of TAL ADSs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because superseding or intervening events caused some or all of the alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by their actions, omissions, and/or comparative fault and contributory negligence, including the failure to undertake their own due diligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs had actual or constructive knowledge of the risks involved with TAL's business and thus assumed the risk that the value of TAL ADSs would decline if such risks materialized.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as a class action.

33

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because they are not entitled to the "fraud on the market" or *Affiliated Ute* presumptions of reliance, and because Plaintiffs did not rely on the alleged misstatements in determining whether to take any actions in connection with TAL ADSs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because they failed to make reasonable efforts to mitigate any alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because the purported misrepresentations and omissions alleged in the Amended Complaint did not affect the market price of TAL ADSs.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because any recovery for damages allegedly incurred by Plaintiffs and putative class members is subject to offset in the amount of any value gained through the investment (including tax benefits actually received), and is subject to the 90-day look-back damages limitation under the PSLRA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish a primary violation of any laws, including Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), and therefore fail to plead control-person liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish that TAL did control, or had the ability to control, any Defendant accused of a primary violation of any laws, including Section 10(b) of the 1934 Act, and therefore fail to plead control-person liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish that TAL was a culpable participant in any primary violation of any laws, including Section 10(b) of the 1934 Act, and therefore fail to plead control-person liability.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because TAL acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs, expenses, or any other damages or relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims, have been previously litigated, Plaintiffs' claims are limited, in whole or in part, from any recovery by the doctrines of *res judicata* and/or collateral estoppel.

35

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because any alleged wrongdoing lacks a sufficient connection to the purchase or sale of TAL ADSs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the doctrines of estoppel, waiver, and/or ratification.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part by the applicable statutes of limitations, statutes of repose, or laches.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs have failed to establish any causal or other connection between the alleged misstatements or omissions, or other acts or occurrences, and the alleged losses.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited in whole or in part because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only Defendants' percentage of responsibility, if any.

**WHEREFORE**, TAL respectfully requests that the Court enter judgment for TAL by adjudging and decreeing:

1.      That the Amended Complaint, and each purported cause of action against TAL, is dismissed with prejudice;

36

2.     That this action may not proceed as a class action and that all purported class allegations are dismissed with prejudice;

3.     That TAL is awarded all equitable or other relief against Plaintiffs as a consequence of defending this action, including attorneys' fees and costs; and

4.     That TAL is awarded any such other and further relief as the Court may deem just and proper.

Dated: February 28, 2025                   **MARINO, TORTORELLA & BOYLE, P.C.**

By:  _/s/ Kevin H. Marino_
     Kevin H. Marino
     John D. Tortorella
     437 Southern Boulevard
     Chatham, NJ 07928-1488
     Telephone:  (973) 824-9300
     Facsimile:   (973) 824-8425
     kmarino@khmarino.com
     jtortorella@khmarino.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
     Michael B. Carlinsky (*pro hac vice* forthcoming)
     Xiao Liu (*pro hac vice* forthcoming)
     Jacob J. Waldman (*pro hac vice* forthcoming)
     295 Fifth Avenue, 9th Floor
     New York, NY 10016
     Telephone:  (212) 849-7000
     Facsimile:   (212) 849-7100
     michaelcarlinsky@quinnemanuel.com
     xiaoliu@quinnemanuel.com
     jacobwaldman@quinneamnuel.com

     ***Attorneys for TAL Education Group***

37