## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORDAN LEWANDOWSKI, Individually and on behalf of all others similarly situated, | Case No.: 2:23-cv-01769-MEF-JRA |
| Plaintiff, | |
| v. | |
| TAL EDUCATION GROUP, and BANGXIN ZHANG, | |
| Defendants. | |

### STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") dated February 13, 2026 is entered into among Lead Plaintiff Xuanjun Meng and named plaintiff Jordan Lewandowski ("Plaintiffs"), on behalf of themselves and each of the Settlement Class Members, and TAL Education Group ("TAL," the "Company," or "Defendant," and with Plaintiffs, the "Parties"), by and through their respective counsel of record in this Action. This Stipulation is intended to fully, finally, and forever resolve, discharge, and settle all claims asserted in this Action against Defendant (along with the Previously Dismissed Defendants, as defined below), subject to the approval of the United States District Court for the District of New Jersey (the "Court") and the terms and conditions as set forth herein.[1]

## I.    THE LITIGATION

This is a putative class action alleging claims under the federal securities laws. For purposes of this Settlement only, the Settlement Class is defined in Section II.B herein, and the

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in Section II.B herein.

Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become Final.

### A.    Procedural History of the Litigation

This Action began on March 29, 2023, when named plaintiff Jordan Lewandowski filed a putative class action complaint for violations of the federal securities laws in this Court against TAL and Bangxin Zhang ("Zhang") alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. No. 1. On May 30, 2023, Xuanjun Meng ("Meng") filed a motion seeking to be appointed lead plaintiff and approve her selection of counsel. Dkt. No. 6. On August 17, 2023, Meng was appointed Lead Plaintiff and The Rosen Law Firm, P.A. was approved as Lead Counsel. Dkt. No. 19.

On October 16, 2023, Plaintiffs filed the Amended Class Action Complaint for Violation of the Federal Securities Laws ("Amended Complaint") against TAL, Zhang, Alex Zhuangzhuang Peng ("Peng"), and Jackson Ding ("Ding") alleging claims under Sections 10(b) and 20(a) of the Exchange Act. Dkt. No. 20.

On December 15, 2023, TAL, Zhang, Peng, and Ding filed the motion to dismiss the Amended Complaint (the "Motion to Dismiss"). Dkt. No. 29. On February 13, 2024, Plaintiffs filed their opposition to the Motion to Dismiss. Dkt. No. 31.[2] On March 29, 2024 TAL, Zhang, Peng, and Ding filed a reply to Plaintiffs' opposition. Dkt. No. 35.

On October 23, 2024, the Court held the Motion to Dismiss hearing. On October 30, 2024, with Plaintiffs' consent, counsel for TAL, Zhang, Peng, and Ding filed a letter with the Court seeking to set dates for further filings with the Court per the Motion to Dismiss hearing. Dkt. No.

---

[2] Wet signatures were filed with the Court on February 15, 2024. Dkt. No. 32; *see also* Dkt. No. 31.

41. On October 31, 2024, the Court entered those dates. Dkt. No. 42. The Parties submitted the additional filings on November 13 and 18, 2024. Dkt. Nos. 44 and 45.

On December 17, 2024, the Court held oral argument on the Motion to Dismiss. The same day, the Court denied the Motion to Dismiss as to Defendant TAL, granted the Motion to Dismiss as to Peng and Ding, and dismissed Zhang without prejudice upon Plaintiffs' consent. *See* Dkt. Nos. 48, 49, 52.

On February 24, 2025, the Parties submitted the Joint Discovery Plan. Dkt. No. 57. On February 28, 2025, Defendant TAL filed its Answer to the Amended Complaint. Dkt. No. 58.

Formal discovery began in February 2025. The Parties served requests for production of documents and met and conferred concerning these requests.  The Parties also served and responded to interrogatories and met and conferred regarding TAL's responses and objections. On March 4, 2025, the Court entered the pretrial scheduling order. Dkt. No. 60.

On July 11, 2025, the Parties submitted the Proposed Confidentiality Order and ESI Protocol. Dkt. No. 65. Also on July 11, 2025, the Parties submitted a joint letter with a status report and a summary of the case. Dkt. No. 66. In this joint letter, the Parties informed the Court that they agreed to a mediation session on September 22, 2025 with David Murphy of Philips ADR (which was rescheduled at the request of the mediator to October 31, 2025).

In the Summer 2025, TAL began producing documents to Plaintiffs. TAL produced more than 140,000 pages of documents. On August 7, 2025, Plaintiffs took the first half of a Rule 30(b)(6) deposition of TAL's Deputy Chief Financial Officer, Jackson Ding, as corporate representative for TAL, in Hong Kong. The deposition was conducted in Mandarin with the aid of translators.

On September 25, 2025, the Parties submitted a joint letter with a status report. Dkt. No. 79. On October 2, 2025, the Court held a status conference. *See also* Dkt. No. 80.

At its Rule 30(b)(6) deposition, TAL's witness testified that TAL had obtained certain local government approvals to teach its courses. Plaintiffs requested, and Defendants agreed, to produce a portion of relevant documents. Plaintiffs reviewed and discussed the documents with their Chinese education law expert.

The Parties had scheduled a mediation for September 22, 2025 with David Murphy, a well-respected mediator, but postponed the mediation to October 31, 2025 at the mediator's request. *See* Dkt. Nos. 66 at 3 and 79 at 1.

On November 6, 2025, the Parties submitted a joint letter informing the Court that the Parties did not reach a settlement at the October 31, 2025 mediation. Dkt. No. 81.

Settlement discussions continued, and on November 11, 2025 the Parties both accepted a mediator's proposal to settle this case for $14.1 million.

On December 12, 2025, the Parties informed the Court that they reached a settlement in principle. Dkt. No. 82.

### B.     Plaintiffs' Assessment of the Claims and Benefits of Settlement

Although Plaintiffs believe that the claims asserted in the Amended Complaint have merit, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendant through trial and appeals. Plaintiffs and Lead Counsel are also mindful of inherent problems of proof, possible defenses to the violations asserted in the litigation, possible limitations on damages, and practical impediments to judgment enforcement against China-based defendants. Plaintiffs and Lead Counsel, based upon their thorough evaluation, believe that the settlement set forth in the Stipulation is fair, adequate,

reasonable and in the best interests of the Settlement Class Members and that it confers substantial benefits upon Settlement Class Members. Plaintiffs and Lead Counsel shall use their best efforts to obtain final Court approval of the Settlement.

### C.     Defendants' Denials of Wrongdoing and Liability

Defendant and the Previously Dismissed Defendants have denied, and continue to deny, among other things, that they engaged in any wrongdoing of any kind, including, without limitation, that they committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Specifically, Defendant and the Previously Dismissed Defendants denied, and continue to deny, each and all of the claims and contentions alleged in this Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in this Action. Defendants have denied, and continue to deny, that they violated or breached any law, regulation or duty owed to Plaintiffs or the Settlement Class, that they failed to disclose any material information to investors, that their public statements were false or misleading, or that Plaintiffs and the Settlement Class suffered any damages or were harmed by the conduct alleged in the Action. Defendants have asserted, and continue to assert, that their conduct was, at all times, proper, that they acted, at all times, in good faith and in compliance with all applicable provisions of law, and that the claims asserted against Defendants are without merit. In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed as, deemed to be evidence of, or constitute an admission or finding of, any violation, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendant and the Previously Dismissed Defendants have, or could have, asserted in this Action. Defendant

5

is entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendant has concluded that it is desirable and beneficial that the Action be terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendant, by and through their undersigned counsel or attorneys of record, that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims shall be fully, finally, and forever compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

### B.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means the case captioned *Lewandowski v. TAL Education Group*, No. 2:23-cv-01769-MEF-JRA, pending in the United States District Court for the District of New Jersey, and including any and all complaints filed in this Action.

1.1    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3      "Claims Administrator" means Strategic Claims Services ("SCS"), the firm

retained by Lead Counsel, subject to Court approval, to administer the Settlement, including

sending a mailed Postcard Notice to Settlement Class Members in the form of Exhibit A-4 hereto,

or emailing Notice to Settlement Class Members, arranging for publication of Notice in the form

of Exhibits A-1 and A-3 hereto, processing claims, and performing such other administrative

functions as are required under this Stipulation.

1.4      "Class Period" means the period between January 14, 2022 through March 14,

2023, both dates inclusive.

1.5      "Court" means the United States District Court for the District of New Jersey.

1.6      "Defendant" means TAL Education Group ("TAL" or the "Company").

1.7      "Defendant Claims" means any and all claims (including Unknown Claims as

defined below), and causes of action of every nature and description whatsoever, in law or equity,

whether accrued or un-accrued, fixed or contingent, liquidated or unliquidated, known or

unknown, contingent or absolute, mature or un-matured, discoverable or undiscoverable,

concealed or hidden, suspected or unsuspected, disclosed or undisclosed, whether arising under

federal, state, local, or foreign law, whether based on common law, statute, law, rule, or regulation,

and whether class and/or individual in nature, that Defendant could have asserted, or in the future

could or might have asserted in this litigation or any other action, court, tribunal, proceeding, or

forum against Plaintiffs, Lead Counsel, or any Settlement Class Member, which arise out of or are

related in any way to the commencement, prosecution, or settlement of the Action (except for

claims to enforce the Settlement), including claims for violations of Fed. R. Civ. P. 11 or any other

fee or cost-shifting claim. Defendant Claims do not include any claims: (a) relating to the

7

enforcement of the Settlement; or (b) against any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

1.8    "Defendant's Counsel" means Marino, Tortorella & Boyle, P.C. and Quinn Emanuel Urquhart & Sullivan, LLP.

1.9    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.0 of the Stipulation have occurred and/or been met.

1.10    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court..

1.11    "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court..

1.12    "Fee and Expense Application" shall have the definition as set forth herein in §II.H., *below*.

1.13    "Fee and Expense Award" shall have the definition as set forth herein in §II.H., *below*.

1.14    "Final," with respect to this Settlement, means that: (i) the Court has entered an order finally approving the Settlement in all material respects, including but not limited to certifying the Settlement Class defined herein for settlement purposes only, approving the scope of the Releases set forth herein, and entering the Judgment; and (ii) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are

expressly not conditioned upon the Court's approval of a Fee and Expense Award to Lead Counsel or compensatory awards to Plaintiffs or any appeals solely related thereto.

1.15    "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit B or in similar form adopted by the Court.

1.16    "Lead Counsel" means The Rosen Law Firm, P.A.

1.17    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel, any compensatory awards to Plaintiffs approved by the Court, and Notice and Administration Costs.

1.18    "Notice" means, collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.19    "Notice and Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing the Postcard Notice and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Postcard Notice, and reimbursement

9

to nominee owners for forwarding notice to their beneficial owners); soliciting claims from Settlement Class Members; assisting with the filing of claims; processing Proof of Claims; administering and distributing the Net Settlement Fund to Authorized Claimants; preparing returns and ensuring all taxes due on the Settlement Fund are paid; and paying escrow fees and costs, if any.

1.20    "Parties" means Plaintiffs, on behalf of themselves and the Settlement Class Members, and Defendant.

1.21    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and for each of them their respective heirs, successors-in-interest, or assigns.

1.22    "Plaintiffs" mean Xuanjun Meng and Jordan Lewandowski.

1.23    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court. Any Plan of Allocation is not part of this Stipulation and Defendant shall have no responsibility for, interest in, or liability whatsoever with respect thereto.

1.24    "Preliminary Approval Order" means an order by the Court, substantially in the form attached hereto as Exhibit A, preliminarily certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, scheduling a Settlement Fairness Hearing, and authorizing Notice thereof to the Settlement Class and related matters.

1.25    Previously Dismissed Defendants means Zhang, Peng, and Ding.

1.26    "Postcard Notice" means the postcard notice to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-4, and which shall contain

10

information relating to, among other things, how to access the Long Notice and Stipulation and how to file a Proof of Claim.

1.27    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.28    "Released Claims" means the Settlement Class Claims and the Defendant Claims.

1.29    "Released Defendant Parties" means Defendant and the Previously Dismissed Defendants, and their attorneys (including Defendant's Counsel), present and former parents, subsidiaries, affiliates, officers, directors, employees, agents, insurers, legal representatives, heirs, predecessors, successors, assigns and assignees, all in their capacities as such.

1.30    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.31    "Released Plaintiff Parties" means Plaintiffs and all other Settlement Class Members, and each of their respective attorneys (including Lead Counsel), present and former parents, subsidiaries, officers, directors, employees, agents, insurers, legal representatives, heirs, predecessors, successors, assigns and assignees, all in their capacities as such.

1.32    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶5.0–5.2.

1.33    "Settlement" means the settlement contemplated by this Stipulation.

1.34    "Settlement Amount" means the principal amount of fourteen million and one hundred thousand dollars ($14,100,000).

1.35    "Settlement Class" means, for purposes of this Settlement only, all Persons or entities who purchased or otherwise acquired TAL American Depository Shares ("ADSs") from January 14, 2022 through March 14, 2023, both dates inclusive ("Class Period"), and held their

11

ADSs until at least March 14, 2023. Excluded from the Settlement Class are: (i) Defendants, (ii) officers and directors of TAL, and any subsidiaries thereof, (iii) the family members, heirs, assigns, and legal representatives of all persons set out in (i)-(ii); (iv) all entities controlled by the persons set out in (i)-(ii); and (vii) Judge Michael E. Farbiarz, his current or former chambers staff, and any of his family members. Also excluded from the Settlement Class are those Persons who submit a request for exclusion that is accepted by the Court.

      1.36   "Settlement Class Claims" means any and all claims (including Unknown Claims as defined below), and causes of action of every nature and description whatsoever, in law or equity, whether accrued or un-accrued, fixed or contingent, liquidated or unliquidated, known or unknown, contingent or absolute, mature or un-matured, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, disclosed or undisclosed, whether arising under federal, state, local, or foreign law, whether based on common law, statute, law, rule, or regulation, and whether class and/or individual in nature, that Plaintiffs or any other Settlement Class Member: (a) asserted in the Amended Complaint or any other complaint filed in this Action; or (b) could have asserted or in the future could or might have asserted in this litigation or any other action, court, tribunal, proceeding, or forum, that arise out of, are based upon, or relate to the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, representations, omissions, or events involved, set forth, or referred to in the Amended Complaint or other complaints filed in this Action, and that relate to the purchase, sale, acquisition, disposition, or holding of TAL ADSs during the Class Period. Settlement Class Claims do not include: (a) any claims relating to the enforcement of the Settlement; and (b) any claims of any Person who or which submits a request for exclusion that is accepted by the Court.

1.37    "Settlement Class Member" means a Person that is a member of the Settlement Class. "Settlement Class Members" means all such Persons.

1.38    "Settlement Distribution Order" means the Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.39    "Settlement Fairness Hearing" means a hearing to be held before the Court to determine whether the proposed Settlement of the Action on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel for their efforts and any compensatory awards that should be awarded to Plaintiffs for their service to the Settlement Class; to hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory awards to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

1.40    "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *above*.

1.41    "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement to be published on a national business newswire, substantially in the form attached as Exhibit A-3.

13

1.42 "Supplemental Agreement" means the confidential supplemental agreement Defendant's Counsel and Lead Counsel executed simultaneously herewith, setting forth certain conditions under which Defendant shall have the right to terminate the Settlement and render this Stipulation null and void.

1.43 "Taxes" and "Tax Expenses" means: (1) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶2.8 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.44 "Unknown Claims" means any Settlement Class Claim which Plaintiffs, any other Settlement Class Member, or any other Person legally entitled to bring Settlement Class Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any of the Defendant Claims that any Defendant, or any other Person or entity legally entitled to bring Released Defendant's Claims on behalf of Defendant in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decisions with respect to the Settlement. With respect to any and all Released Claims, upon the Effective Date, the Plaintiffs and Defendant shall expressly, and each of the Settlement Class Members and each of the other releasing parties shall be deemed to have, and by operation of the order and final judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendant shall expressly, and each of the Settlement Class Members and each of the other releasing parties shall be deemed to have, and by operation of the order and final judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs, Settlement Class Members, Defendant, and the other releasing parties may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Defendant shall expressly, and each Settlement Class Member and other releasing party, upon the Effective Date, shall be deemed to have, and by operation of the order and final judgment shall have fully, finally, and forever settled and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendant acknowledge, and each of the Settlement Class Members and the other releasing parties shall be deemed by operation of the order and final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## C.    The Settlement

### a.    Settlement Fund

2.0    In consideration of the full and final settlement and release of the Settlement Class Claims, Defendant shall deposit or cause to be deposited the Settlement Amount into the Escrow Account within twenty-one (21) calendar days after the later of: (i) the Court granting Preliminary

Approval of the Settlement; or (ii) transmission to Defendant's Counsel of complete payment instructions including the bank name and ABA routing number, and a signed Form W-9 providing the tax identification number for the Escrow Account. Except as expressly set forth herein, the Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, administration costs, class notification costs, expenses, and class member benefits associated with the resolution of these matters.

2.1     Defendant's sole financial obligation to Plaintiffs, the Settlement Class Members, and Lead Counsel under this Stipulation shall be as set forth in ¶2.0, and under no circumstances shall Defendant have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel, and any compensatory awards to Plaintiffs as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

### b.     The Escrow Agent

2.2     At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendant, Defendant's Counsel, and the Released Defendant Parties shall not bear any

responsibility for, interest in, or liability whatsoever related to the investment of the Settlement Fund by the Escrow Agent.

### c.      Handling and Disbursement of Funds by the Escrow Agent

2.3      Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendant's Counsel and Lead Counsel. Defendant, Defendant's Counsel, and the Released Defendant Parties have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the funds in the Escrow Account, shall indemnify and hold each of the Defendant, Defendant's Counsel and the Released Defendant Parties harmless for any transaction executed by the Escrow Agent.

2.4      No monies will be disbursed from the Escrow Account until after the Effective Date except as provided in ¶¶2.6–2.7 regarding Notice and Administration Costs, ¶2.8 regarding Taxes, and ¶7.1 regarding any Fee and Expense Award.

2.5      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court. Upon the Effective Date and thereafter, there shall be no reversion whatsoever of any of the Settlement Amount to Defendant or the Released Defendant Parties.

### d.  Notice and Administration Costs

2.6    At any time after entry of the Preliminary Approval Order, Lead Counsel may, without further approval from the Court or Defendant, disburse up to $250,000 from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs prior to the Effective Date. After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional, reasonable, and necessary Notice and Administration Costs without further order of the Court.

2.7    Plaintiffs, Lead Counsel, Defendant, Defendant's Counsel, and the Released Parties shall not bear any liability for Notice and Administration Costs.

### e.  Taxes

2.8    The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)    The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶2.8(a)) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes

18

(including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court but shall not be considered or treated as part of the Notice and Administration Costs.

(e)     Defendant, Defendant's Counsel, Plaintiffs, Settlement Class Members, Lead Counsel, and the Released Parties shall have no liability or responsibility for Taxes and Tax Expenses. The Escrow Agent shall indemnify and hold each of them harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Neither Defendant, Defendant's Counsel, Plaintiffs, Settlement Class Members, Lead Counsel, nor their respective Released Parties are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

### f.    Termination of Settlement

2.9    Defendant shall have the right to terminate the Settlement and this Stipulation, notwithstanding any preliminary approval that may be provided by the Court, by providing written notice of its election to do so to Lead Counsel within ten (10) business days of: (a) the Court's declining to enter the proposed Preliminary Approval Order in any material respect; (b) the Court's refusal to approve any material part of this Stipulation; (c) the Court's declining to enter the proposed Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory awards to Plaintiffs shall not be considered material to this Stipulation and shall not be grounds for termination.

2.10    Plaintiffs shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of Plaintiffs' election to do so to Defendant's Counsel within ten (10) business days of: (a) the Court's declining to enter the proposed Preliminary Approval Order in any material respect; (b) the Court's refusal to approve any material part of this Stipulation; (c) the Court's declining to enter the proposed Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.0 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendant, shall have the right to: (a) terminate the Settlement; or (b) apply to the Court to enforce the terms of the

Settlement and this Stipulation, but only if: (i) Lead Counsel have first notified Defendant's Counsel in writing of Plaintiffs' intent to terminate or pursue a judgment pursuant to this paragraph; and (ii) the portion of the Settlement Amount required to be paid into the Escrow Account in accordance with ¶2.0 of this Stipulation is not deposited in the Escrow Account within ten (10) business days after Lead Counsel has provided such written notice.

2.12    If, before the Settlement Fairness Hearing, any Persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate have purchased a number of TAL ADSs during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Parties, Defendant shall have the option to terminate the Settlement and this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises among the Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

2.13    If: (i) Defendant exercises its right to terminate the Settlement as provided in this Stipulation; or (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except as provided in ¶¶3.1, 8.3, 8.4, 8.5, 9.1);

(b)     The Settlement Amount, plus any interest accrued thereon, less any Taxes and Tax Expenses paid, due or owing, and less any expenses actually incurred or due and owing for the Notice and Administration Costs pursuant to ¶2.6 above, shall be refunded by check or wire transfer within fifteen (15) calendar days in accordance with the instructions to be provided by Defendant's Counsel; and

(c)     The Parties shall revert, without prejudice, to their respective positions in the Action as of February 13, 2026.

**D.     Class Certification**

3.0     For the sole purpose of this Settlement, the Parties hereby stipulate, agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (ii) appointment of Plaintiffs as class representatives; and (iii) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Plaintiffs, with Defendant's consent, shall apply to the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which will preliminarily certify the Action to proceed as a class action for settlement purposes only. The preliminary certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

3.1     The Parties' agreement as to certification of the Action is solely for purposes of effectuating a settlement and for no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification, and reserves all rights to contest class

certification, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective, this agreement as to certification of the Action becomes null and void *ab initio*, and this Stipulation or any other settlement-related statement may not be cited regarding class certification, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

### E.    Preliminary Approval Order, Notice, and the Settlement Hearing

4.0    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, among other things: (1) grant preliminary approval to the Settlement; (2) preliminarily certify the Settlement Class for settlement purposes only; (3) authorize dissemination of notice to the Settlement Class substantially in the form of Exhibits A-1, A-3, and A-4 hereto, along with provision of a Proof of Claim substantially in the form of Exhibit A-2; and (4) schedule the Settlement Fairness Hearing.

4.1    The Notice shall describe: the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel, and compensatory awards to Plaintiffs; the date of the Settlement Fairness Hearing; Settlement Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to

23

file claims upon the Settlement Fund. The Stipulation, Notice, Proof of Claim, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2    Within ten (10) days after the Court enters a Preliminary Approval Order, Defendant shall assist the Claims Administrator by making best efforts to obtain from Defendant's depository bank, at no cost to Plaintiffs or Lead Counsel, the identities of Settlement Class Members, including any names, addresses, and email addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Class Information"). The Class Information shall be provided in electronic searchable form, such as an Excel spreadsheet or other form as is reasonably available to Defendant. The Parties acknowledge that any information provided to Lead Counsel or the Claims Administrator pursuant to this ¶4.2 shall be treated as confidential and will be used by Lead Counsel and/or the Claims Administrator solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

4.3    No later than ten (10) days following the filing of this Stipulation with the Court, Defendant shall serve, or cause to be served, any notice required under the Class Action Fairness Act of 2005 ("CAFA") pursuant to §1715 of Title 28 of the United States Code. Within fourteen (14) days after entry of the Preliminary Approval Order, Defendant will serve on Lead Counsel and file with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

**F.    Releases**

5.0    The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to Plaintiffs, Defendant, the Released Parties, and any and all Released Claims.

5.1     Upon the Effective Date of this Settlement, Plaintiffs, each of the other Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund), on behalf of themselves, and on behalf of any other Person legally entitled to bring Settlement Class Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged each and every one of the Settlement Class Claims against Defendant and the other Released Defendant Parties, and shall be forever barred and enjoined from commencing, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims against any of the Released Defendant Parties.

5.2     Upon the Effective Date of this Settlement, and as a material condition of the dismissal with prejudice of the Action, Defendant, on behalf of itself, and on behalf of any other Person legally entitled to bring Defendant Claims on behalf of Defendant in such capacity only, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged each and every one of the Defendant Claims against Plaintiffs and the other Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting each and every one of the Defendant Claims against any of the Released Plaintiff Parties.

**G.    Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund**

6.0     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1     Defendant, Defendant's Counsel, and the Released Defendant Parties shall have no involvement in reviewing or challenging claims and shall have no responsibility for, interest in, or liability whatsoever with respect to the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel or compensatory awards to Plaintiffs. Any such awards shall be paid solely by the Settlement Fund.

6.2     The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice and Administration Costs; to pay a Fee and Expense Award to Lead Counsel to the extent allowed by the Court; to pay compensatory awards to Plaintiffs to the extent allowed by the Court; and, upon the Court's approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, and the Plan of Allocation.

6.3     After the Effective Date, Lead Counsel, on behalf of Plaintiffs, shall apply to the Court, on notice to Defendant, for the Settlement Distribution Order. The Net Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Distribution Order, only after the Effective Date and after: (a) all claims have been processed; (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)     Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 hereto, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable. Copies of all requests for

26

exclusion received shall be sent to Defendant's Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not more than five (5) days after receipt thereof. Copies of all written retractions of requests for exclusion received shall be sent to Defendant's Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not later than five (5) days after receipt thereof.

(ii) Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.4    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed of the Claimants, whether on the merits of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.

6.5    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. No Person shall have any claim against Plaintiffs, Lead Counsel, Defendant, Defendant's Counsel, the Released Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections

27

made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described in the Notice, and approved by the Court. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such second distribution, then such balance shall be contributed to a non-profit organization(s) chosen by Plaintiffs and approved by the Court.

6.7    This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to Defendant or any of the Released Defendant Parties.

6.8    Defendant, Defendant's Counsel, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or

28

determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the administration, management, investment, allocation or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; and (vi) the payment or withholding of any Taxes and Tax Expenses. No Person shall have any claim of any kind against Defendant, Defendant's Counsel, or the Released Defendant Parties with respect to the matters set forth in ¶¶6.1–6.8 herein.

6.9    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.    Attorneys' Fees and Expenses

7.0    Lead Counsel may submit an application or applications ("Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action. Additionally, Lead Counsel may make an application for compensatory

awards to Plaintiffs for their service to the Settlement Class. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1     Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, solely from the Settlement Fund, immediately upon entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

7.2     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Lead Counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses.

7.3     Although they may both be addressed at the Settlement Fairness Hearing, the Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action. An award of attorneys' fees and/or litigation expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.

30

Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or litigation expenses.

**I.    Effect of Disapproval, Cancellation or Termination**

8.0    The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)    Approval by the Court of the Settlement following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(b)    The Settlement Amount has been paid into the Settlement Fund;

(c)    Defendant has not exercised its option to terminate the Stipulation pursuant to Section 2.9 or the Supplemental Agreement; and

(d)    Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

(e)    Any appeal or delay in: (i) the approval of the Plan of Allocation; (ii) the consideration of any Fee and Expense Application; or (iii) the granting of compensatory awards to Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1    In addition to the conditions set forth in ¶8.0, the Settlement is contingent upon entry of an appropriate bar order, consistent with the Securities Exchange Act of 1934 and the Private Securities Litigation Reform Act of 1995, barring contribution claims against the Defendant.

8.2    Upon the occurrence of the Effective Date, any and all interest or right of Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set

31

forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶6.3 hereof. If all of the conditions specified in ¶8.0 herein are not met, then this Stipulation shall be canceled and terminated subject to ¶8.3 herein, unless Lead Counsel and Defendant's Counsel mutually agree in writing to proceed with the Settlement.

      8.3     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than ten (10) business days after written notification of such event is sent by Defendant's Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶2.9 or 2.10 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶2.6 hereof, shall be refunded by the Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defendant's Counsel.

      8.4     In the event this Settlement is terminated, then the terms and provisions of the Stipulation, with the exception of ¶¶3.1, 8.3, 8.4, 8.5, 9.1 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.5    In the event this Settlement is terminated, Plaintiffs, Settlement Class Members, Lead Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any Notice and Administration Costs actually and properly disbursed from the Settlement Fund. In addition, any expenses already incurred and properly chargeable to Notice and Administration Costs pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶8.3.

**J.    No Admission of Wrongdoing; Miscellaneous Provisions**

9.0    Defendant and the Previously Dismissed Defendants deny any wrongdoing, liability or violation of law or regulation whatsoever, including the U.S. securities laws, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Defendant or the Previously Dismissed Defendants with respect to, any claim of any fault or liability or wrongdoing or damage or violation of law or regulation whatsoever, or any infirmity in any defenses that Defendant or the Previously Dismissed Defendants have asserted or could assert in the Action.

9.1    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)    Against Defendant or the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by Defendant or the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against Defendant or the Released Defendant Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by Defendant.

33

(b)     Against Defendant or the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant or the Released Defendant Parties that were alleged or could have been alleged in this Action;

(c)     Against Defendant, Plaintiffs, Settlement Class Members, or the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of them with respect to any liability, negligence, fault, or wrongdoing as against Defendant, Plaintiffs, Settlement Class Members, or the Released Parties in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation. Additionally, if this Stipulation is approved by the Court, Defendant, Plaintiffs, Settlement Class Members, and the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     Against Defendant or the Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents an amount which could or would have been received after trial of the Action;

(e)     Against Plaintiffs or Settlement Class Members, or the Released Plaintiff Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the claims asserted in the Action are without merit, or that any defenses asserted by Defendant has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

(f)     Against Plaintiffs, Settlement Class Members, Lead Counsel, or the Released Plaintiff Parties as evidence of, or construed as evidence of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action; and

34

(g)     As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

9.2     Defendant and/or the Released Defendant Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar, offset or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment or any alternative judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or alternative judgment. The Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.3     The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs or the Settlement Class Members against Defendant, Defendant's Counsel, and all of the Released Defendant Parties concerning the Settlement Class Claims and by Defendant against Plaintiffs and Settlement Class Members and their counsel, including Lead Counsel, and the Released Plaintiff Parties concerning the Defendant Claims. Accordingly, the Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Defendant or Previously Dismissed Defendants in bad faith or without a reasonable basis. None of Plaintiffs, Defendant, or Previously Dismissed Defendants, and each of them, shall not assert or pursue any action, claim or rights that any of the foregoing violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this litigation. The Parties, and each of

35

them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and the settlement was reached voluntarily after consultation with experienced legal counsel.

9.4    The Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Lead Counsel and Defendant's Counsel agree to cooperate with one another in seeking the Court's approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.5    Neither Plaintiffs, Settlement Class Members, nor Defendant shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.6    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering any orders necessary for its implementation, providing the Fee and Expense

36

Award to Lead Counsel and the compensatory awards to Plaintiffs, ordering distribution of the Net Settlement Fund, and enforcing the terms of this Stipulation. The Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.7     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.8     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.9     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.10     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement (as described in ¶2.12, *above*) constitute the entire agreement among the Parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.

9.11     Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or email shall be deemed originals.

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

9.14    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New Jersey and the rights and obligations of the Parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to that State's choice of law principles.

9.15    This Stipulation is deemed to have been prepared by Lead Counsel and Defendant's Counsel, as a result of arm's length negotiations among the Parties. Whereas the Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one Party than another.

9.16    Whenever this Stipulation requires or contemplates that a Party shall or may give notice to any of the other Parties, notice shall be in writing and shall be deemed to have been duly given upon receipt of overnight courier, emailed PDF, or similar-format electronic document. Notice shall be provided as follows:

If to Plaintiffs or Lead Counsel, then to:

**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne
275 Madison Avenue, 40th Floor
New York, New York 10016
Email: jhorne@rosenlegal.com

If to Defendant or Defendant's Counsel, then to:

38

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael B. Carlinsky
Jacob J. Waldman
295 Fifth Avenue, 9th Floor
New York, New York 10016
Email: michaelcarlinsky@quinnemanuel.com
Email: jacobwaldman@quinnemanuel.com

Xiao Liu
Unit 1301, 13th Floor, Central Park Plaza
10 Chaoyang Park South Road,
Chaoyang District
Beijing 100026
China
Email: xiaoliu@quinnemanuel.com

9.17    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.18    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated February 13, 2026.

| THE ROSEN LAW FIRM, P.A. | MARINO, TORTORELLA & BOYLE, P.C. |
|---|---|
| /s/Laurence M. Rosen<br>Laurence M. Rosen<br>One Gateway Center, Suite 2600<br>Newark, NJ 07102<br>Tel: (973) 313-1887<br>Fax: (973) 833-0399<br>Email: lrosen@rosenlegal.com | /s/ Kevin H. Marino<br>Kevin H. Marino<br>John D. Tortorella<br>437 Southern Boulevard<br>Chatham, NJ 07928-1488<br>Telephone: (973) 824-9300<br>Facsimile: (973) 824-8425<br>kmarino@khmarino.com<br>jtortorella@khmarino.com |
| Jonathan Horne (*pro hac vice*)<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>Tel: (212) 686-1060<br>Fax: (212) 202-3827<br>Email: jhorne@rosenlegal.com | -and- |
| | QUINN EMANUEL URQUHART<br> & SULLIVAN, LLP |
| Jing Chen<br>101 Greenwood Avenue, Suite 440<br>Jenkintown, PA 19046<br>Telephone: (215) 600-2817<br>Email: jchen@rosenlegal.com | Jacob J. Waldman (*pro hac vice*)<br><br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>Telephone: (212) 849-7000<br>michaelcarlinsky@quinnemanuel.com<br>xiaoliu@quinnemanuel.com<br>jacobwaldman@quinnemanuel.com |
| *Counsel for Plaintiffs* | Xiao Liu (*pro hac vice*)<br>Unit 1301, 13th Floor, Central Park Plaza<br>10 Chaoyang Park South Road,<br>Chaoyang District<br>Beijing 100026<br>China<br>Telephone:<br>Email: xiaoliu@quinnemanuel.com |
| | *Counsel for Defendant* |