EXHIBIT A-1

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORDAN LEWANDOWSKI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TAL EDUCATION GROUP, and BANGXIN ZHANG, <br><br> Defendants. | Case No.: 2:23-cv-01769-MEF-JRA |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION**

If you purchased or otherwise acquired the publicly-traded American Depositary Shares ("ADSs") of TAL Education Group ("TAL" or "Defendant") between January 14, 2022 through March 14, 2023, both dates inclusive ("Class Period"), and held your ADSs until at least March 14, 2023, you could get a payment from a class action settlement (the "Settlement").[1]

*This is a court-ordered Notice.  This is not attorney advertising.*

- A class action lawsuit was filed alleging that TAL issued false and misleading statements during the Class Period regarding TAL's tutoring programs complying with the Double Reduction (Chinese government regulations which, among other things, banned for-profit entities like TAL from engaging in afterschool tutoring on academic subjects). This Settlement, which must be approved by the Court, resolves all claims asserted in the lawsuit against TAL and certain previously-dismissed individual defendants.

- You should read this Notice carefully. It describes your legal options and

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated February 1, 2026 (the "Stipulation").

provides instructions on how to file a claim, object to the Settlement, or request to be excluded from the Settlement. If you do not act, you may permanently give up your right to recover from this Settlement.

- If approved by the Court, the Settlement will provide fourteen million and one hundred thousand dollars ($14,100,000) (the "Settlement Fund"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and any taxes on interest, to pay claims of investors who purchased TAL ADSs during the Class Period and were damaged thereby.

- The Settlement represents an estimated recovery of $0.09 per damaged TAL ADS, per Plaintiffs' estimate of 156.3 million damaged ADSs. This does not mean that your actual recovery will be $0.09 per ADS. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold TAL ADSs, the purchase and sales prices, and the total number and amount of claims filed.

- Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed one-third of the Settlement Fund ($4,700,000) plus interest, reimbursement of no more than $180,000 in litigation expenses, and reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $8,000 Collectively, the attorneys' fees and expenses and award to Plaintiffs are estimated not to exceed an average of $0.031 per TAL ADS damaged during the Class Period. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The average approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is $0.059 per TAL ADS damaged during the Class Period. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per ADS you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold TAL ADSs, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether Defendant issued false and misleading statements to the public about TAL's tutoring programs complying with the Double Reduction (Chinese government regulations

2

which, among other things, banned for-profit entities like TAL from engaging in afterschool tutoring on academic subjects), as well as any other allegations set forth in the Complaint. Defendant and certain previously dismissed individual defendants have denied, and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever. Defendant and the previously dismissed individual defendants have also denied, among other things, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendant and the previously dismissed individual defendants continue to believe the claims asserted against them in the Action are without merit.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the Proof of Claim and Release Form and submit it no later than \_\_\_\_\_ \_\_, **2026**. **This is the only way to get a payment.** See Question 9 below for instructions on how to file a claim form. |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than \_\_\_\_\_ \_\_, **2026**. This is the only way you can ever be part of any other lawsuit against TAL or other released parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the settlement hearing**. See Question 11 below for instructions on how to exclude yourself. |
| **Object to the Settlement** | Submit an objection no later than \_\_\_\_\_ \_\_, **2026**. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, despite your objection, you will be bound by it. See Question 15 below for instructions on how to submit an objection. |
| **Go to the Hearing** | The Court will hold a settlement hearing at \_\_\_\_\_ on \_\_\_\_\_ \_\_, **2026**. You may attend the hearing if you wish, but you are not required to do so. Whether you attend the hearing has no impact on your ability to file a |

3

| | |
|---|---|
| | claim, to object, or to exclude yourself from the Settlement. See Questions 17 and 18 below for additional details about the settlement hearing. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own lawsuit relating to the claims asserted in the Action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| Claims Administrator | or | Lead Counsel |
|---|---|---|
| TAL Education Group Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Tel.: (866) 274-4004 info@strategicclaims.net | | THE ROSEN LAW FIRM, P.A. Jonathan Horne 275 Madison Avenue, 40th Floor New York, New York 10016 Email: jhorne@rosenlegal.com |

通知和索赔表格的中文版本可在 www.strategicclaims.net/TAL/ 网站获取.

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1.    **Why did I get this Notice?**

You or someone in your family may have purchased or otherwise acquired TAL ADSs during the period from January 14, 2022 through March 14, 2023, both dates inclusive.

2.    **What is this lawsuit about?**

The case is known as *Lewandowski v. TAL Education Group*, Case No. 2:23-cv-01769-MEF-JRA (the "Action"). The Court in charge of the case is the United States District Court for the District of New Jersey.

The Action involves allegations that TAL violated the federal securities laws by issuing false and misleading statements to the public about its tutoring programs complying with the Double Reduction (Chinese government regulations which, among other things, banned for-profit entities like TAL from engaging in afterschool tutoring on academic subjects). TAL and the previously dismissed individual defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

The Court did not decide in any party's favor. Instead, both sides agreed to a settlement. This allows the parties to avoid the cost and risk of a trial. Plaintiffs and Lead Counsel think that the Settlement is best for all Settlement Class Members under the circumstances. TAL has denied that it violated any federal securities laws or did anything wrong, but it and its attorneys agree that a settlement is in the best interest of all parties.

**5.    How do I know if I am part of the Settlement?**

You are a part of the Settlement Class if you purchased or otherwise acquired publicly-traded TAL ADSs from January 14, 2022 through March 14, 2023, both dates inclusive, and held your ADSs until at least March 14, 2023, subject to the exclusions in Question 6 below.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (i) Defendants, (ii) officers and directors of TAL, and any subsidiaries thereof, (iii) the family members, heirs, assigns, and legal representatives of all persons set out in (i) and (ii), (iv) all entities controlled by the persons set out in (i)-(ii), and (v) Judge Michael E. Farbiarz, his current or former chambers staff, and any of his family members. Also excluded from the Settlement Class are those Persons who submit valid and timely requests for exclusion, as described below in the response to Question 11.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985; visit the website www.strategicclaims.net/TAL/; or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

**a.    What is the Settlement Fund?**

Under the Settlement, TAL agreed to pay, or cause to be paid, fourteen million, one hundred thousand dollars ($14,100,000) into the Settlement Fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of claims administration, including the costs of printing and mailing and/or emailing notices and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.    What can you expect to receive under the proposed Settlement?**

How much you will actually receive from the Net Settlement Fund will or may depend on the: (i) number of claims filed by all Settlement Class

Members; (ii) dates you purchased and sold TAL ADSs; (iii) prices of your purchases and sales; (iv) amount of administrative costs, including the costs of notice; and (v) amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses, and award to Plaintiffs.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendant, the price of TAL ADSs was artificially inflated during the Class Period, and that when the truth came out, the price of TAL ADSs fell.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional individual notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.strategicclaims.net/TAL/. Defendants had no role in the preparation of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions that were at issue in this Action. The Claims Administrator will determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below. A Recognized Loss amount will be calculated for each share of TAL ADSs purchased or otherwise acquired during the Class Period.

The calculation of Recognized Loss will depend upon several factors, including when the TAL ADSs were purchased or otherwise acquired during the Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts.

The Recognized Loss formula is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund

will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting expert, and reflects the assumption that the price of TAL ADSs was artificially inflated throughout the Class Period. The computation of the estimated alleged artificial inflation in the price of TAL ADSs is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for TAL ADSs. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on TAL ADSs purchased during the Class Period and held as of the close of the 90-day period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period. The Recognized Loss on TAL ADSs purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average closing price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices will exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in TAL ADSs executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant will be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

For TAL ADSs purchased during the Class Period, the Recognized Loss shall be calculated as follows:

    A. For ADSs retained at the end of trading on June 12, 2023, the Recognized Loss shall be the lesser of:

(i)    $0.82 per ADS; or

(ii)   the difference between the purchase price per ADS and $6.00 per ADS.

B. For ADSs sold on or before March 13, 2023, the Recognized Loss per ADS shall be $0.00.

C. For ADSs sold on March 14, 2023, the Recognized Loss per ADS shall be the lesser of:

(i)    $0.82 per ADS; or

(ii)   the difference between the purchase price per ADS and the sale price per ADS.

D. For ADSs sold between March 15, 2023 and June 12, 2023, inclusive, the Recognized Loss shall be the lesser of:

(i)    $0.82 per ADS: or

(ii)    the difference between the purchase price per ADS and the average closing price per ADS as of date of sale provided in Table A below.

Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 3/15/2023 | $5.89 | $5.89 | 4/28/2023 | $5.86 | $6.15 |
| 3/16/2023 | $6.01 | $5.95 | 5/1/2023 | $5.75 | $6.14 |
| 3/17/2023 | $5.62 | $5.84 | 5/2/2023 | $5.26 | $6.12 |
| 3/20/2023 | $5.62 | $5.79 | 5/3/2023 | $5.25 | $6.09 |
| 3/21/2023 | $5.88 | $5.80 | 5/4/2023 | $5.26 | $6.07 |
| 3/22/2023 | $6.01 | $5.84 | 5/5/2023 | $5.90 | $6.06 |
| 3/23/2023 | $6.16 | $5.88 | 5/8/2023 | $5.61 | $6.05 |
| 3/24/2023 | $6.02 | $5.90 | 5/9/2023 | $5.54 | $6.04 |
| 3/27/2023 | $5.90 | $5.90 | 5/10/2023 | $5.60 | $6.03 |
| 3/28/2023 | $6.40 | $5.95 | 5/11/2023 | $6.05 | $6.03 |
| 3/29/2023 | $6.71 | $6.02 | 5/12/2023 | $6.00 | $6.03 |
| 3/30/2023 | $6.72 | $6.08 | 5/15/2023 | $6.05 | $6.03 |
| 3/31/2023 | $6.41 | $6.10 | 5/16/2023 | $5.99 | $6.03 |
| 4/3/2023 | $6.72 | $6.15 | 5/17/2023 | $5.88 | $6.02 |
| 4/4/2023 | $6.62 | $6.18 | 5/18/2023 | $5.76 | $6.02 |
| 4/5/2023 | $6.38 | $6.19 | 5/19/2023 | $5.89 | $6.02 |
| 4/6/2023 | $6.30 | $6.20 | 5/22/2023 | $5.87 | $6.01 |

9

| 4/10/2023 | $6.00 | $6.19 | 5/23/2023 | $5.72 | $6.01 |
|-----------|-------|-------|-----------|-------|-------|
| 4/11/2023 | $6.17 | $6.19 | 5/24/2023 | $5.83 | $6.00 |
| 4/12/2023 | $5.90 | $6.17 | 5/25/2023 | $5.52 | $5.99 |
| 4/13/2023 | $5.95 | $6.16 | 5/26/2023 | $5.85 | $5.99 |
| 4/14/2023 | $6.12 | $6.16 | 5/30/2023 | $5.58 | $5.98 |
| 4/17/2023 | $6.50 | $6.17 | 5/31/2023 | $5.43 | $5.97 |
| 4/18/2023 | $6.52 | $6.19 | 6/1/2023 | $6.13 | $5.98 |
| 4/19/2023 | $6.49 | $6.20 | 6/2/2023 | $6.21 | $5.98 |
| 4/20/2023 | $6.41 | $6.21 | 6/5/2023 | $6.04 | $5.98 |
| 4/21/2023 | $6.19 | $6.21 | 6/6/2023 | $6.32 | $5.99 |
| 4/24/2023 | $5.99 | $6.20 | 6/7/2023 | $6.28 | $5.99 |
| 4/25/2023 | $5.84 | $6.19 | 6/8/2023 | $6.28 | $6.00 |
| 4/26/2023 | $5.98 | $6.18 | 6/9/2023 | $6.19 | $6.00 |
| 4/27/2023 | $5.63 | $6.16 | 6/12/2023 | $6.04 | $6.00 |

The payment you receive will reflect your proportionate share of the Net Settlement Fund based upon your total Recognized Loss. Such payment will depend on the total number and amount of valid claims participating in the Settlement. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of a TAL ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Notwithstanding any of the above, TAL ADSs acquired through the exercise, conversion, or exchange of non-publicly traded securities are not eligible to participate in the Settlement. In addition, receipt of TAL ADSs during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale. If a Settlement Class Member acquired a TAL ADS during the Class Period by way of gift, inheritance or operation of law, the Recognized Loss will be computed by using the date and price of the original acquisition and not the date and price of transfer. To the extent that TAL ADSs were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against TAL ADSs held as of the close of trading on January 13, 2022 (the last trading day before the Class Period begins) and then against the purchases of TAL ADSs during the Class Period.

With respect to TAL ADSs purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of

10

the option.  Any Recognized Loss arising from purchases of TAL ADSs acquired during the Class Period through the exercise of a publicly traded option on TAL ADSs shall be computed as provided for other purchases of TAL ADSs in the Plan of Allocation.[2]

Payment according to the Plan of Allocation will be deemed conclusive against all claimants.  A claimant's Recognized Loss will be calculated as defined herein and cannot be less than zero.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* (proportional) share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a Distribution Amount of less than $10.00.

The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible. Distributions will be made to Authorized Claimants after all timely claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

9.    **How can I get a payment?**

To qualify for a payment, you must submit a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice or you may obtain a copy at www.strategicclaims.net/TAL. Read the

---

[2] The "exercise of a publicly traded option" as used in this sentence includes:  (1) purchases of TAL ADSs as the result of the exercise of a publicly traded call option, and (2) purchases of TAL ADSs by the seller of a publicly traded put option as a result of the buyer of such put option exercising that put option.

11

instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form, along with supporting documentation, may be submitted: (i) electronically at www.strategicclaims.net/TAL **by 11:59 p.m. Eastern Time on _____ __, 2026**; or (ii) by mail, **postmarked no later than _____ __, 2026**, to:

TAL Education Group Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant. Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

**10.    What am I giving up by receiving a payment and staying in the Class?**

Unless you exclude yourself from the Settlement Class by the **_____ __, 2026 deadline,** you will remain a member of the Settlement Class. This means that you will receive your share of the Net Settlement Fund if you are an Authorized Claimant and submitted a valid Proof of Claim and Release Form, and will be bound by the release of claims against the Defendant and other Released Defendant Parties if the Settlement is approved. That means you and all other Settlement Class Members, on behalf of yourselves and on behalf of any other Person legally entitled to bring Settlement Class Claims on behalf of the respective Settlement Class Member in such capacity only, will be agreeing never to sue, continue to sue, or be part of any other lawsuit against TAL and other Released Defendant Parties with respect to any and all Settlement Class Claims. It also means that: (a) all of the Court's orders will apply to you and legally bind you; and (b) you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale, disposition, or ownership of TAL ADSs during the Class Period.

12

**PLEASE NOTE: the above description of the release is only a summary.** The specific terms of the release are included in the Stipulation, which may be obtained at www.strategicclaims.net/TAL or by contacting the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985.

### 11.    How do I get out of the Settlement?

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendant or the other Released Defendant Parties on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter or submit an email that: (i) clearly indicates your name, address, phone number, and email contact information (if any) and states that you "request to be excluded from the Settlement Class in *Lewandowski v. TAL Education Group*, Case No. 2:23-cv-01769-MEF-JRA (D.N.J.)"; and (ii) states the number of TAL ADS purchased/acquired and/or sold during the Class Period (*i.e.*, from January 14, 2022 through March 14, 2023, both dates inclusive), as well as the dates and prices of each such purchase/acquisition and sale. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of TAL ADSs during the Class Period; and (ii) confirming your status as a beneficial owner of the TAL ADSs. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury.

If submitting by mail: You must mail your exclusion request, to be **received no later than _____ __, 2026**, to the Claims Administrator at the following address:

TAL Education Group Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

If submitting by email: You must email your exclusion request to **info@strategicclaims.net** no later than 11:59 p.m. Eastern Time on_____ __, 2026.

**You cannot exclude yourself by telephone.**

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue TAL or the other Released Defendant Parties for the same thing later?**

No. Unless you followed the procedure outlined in this Notice to exclude yourself, you give up any right to sue TAL or the Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any of the Settlement Class Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

**14.    How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third ($4,700,000) of the Settlement Fund plus interest, reimbursement of litigation expenses of no more than $180,000, and reimbursement of the

14

reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $8,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs, by mailing a letter or sending an email stating that you object to the Settlement in the matter of *Lewandowski v. TAL Education Group*, Case No. 2:23-cv-01769-MEF-JRA (D.N.J.). Be sure to include: (i) your name, address, email address (if any), and telephone number; (ii) a list of all purchases and sales of TAL ADSs during the Class Period; (iii) all grounds for the objection, including any legal support known to you or your counsel; (iv) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel; and (v) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction of each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Fairness Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Fairness Hearing are required to: (i) indicate in their written objection (or in a separate writing that is submitted and served on the Parties at least ten (10) calendar days prior to the Settlement Fairness Hearing) if they intend to appear at the Settlement Fairness Hearing; and (ii) identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

Be sure to serve copies of any objections, papers and briefs to **each** of the addresses (or **each** of the email addresses if submitting by email) listed below, to be **received no later than _____ __, 2026**:

15

| *Lead Counsel* | *Defendant's Counsel* |
|---|---|
| The Rosen Law Firm, P.A.<br>Jonathan Horne<br>275 Madison Avenue<br>40th Floor<br>New York, NY 10016<br>jhorne@rosenlegal.com | Quinn Emanuel Urquhart & Sullivan, LLP<br>Michael B. Carlinsky<br>Xiao Liu<br>Jacob J. Waldman<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>michaelcarlinsky@quinnemanuel.com<br>xiaoliu@quinnemanuel.com<br>jacobwaldman@quinnemanuel.com |

**16.   What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Fairness Hearing on _____ __, at __:__ _.m., before United States District Judge Michael E. Farbiarz, at the United States District Court for the District of New Jersey, Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Courtroom 4, Newark, NJ 07102. The Settlement Fairness Hearing may be rescheduled by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel and check the settlement website for any changes. In the event the Court reschedules the Settlement Fairness Hearing, Lead Counsel will direct the Claims Administrator to update its website, on the page dedicated to this Settlement, to reflect any changes to the date and time of the Settlement Fairness Hearing.

**18.     Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.     What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, doing nothing is not the same as excluding yourself from the Settlement. If you want to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant or the Released Defendant Parties about the Settlement Class Claims (as defined in the Stipulation), you must request to be excluded.

## SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

If, during the Class Period, you purchased publicly traded TAL ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either: (i) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased TAL ADSs during such time period; (ii) request from the Claims Administrator a link to the electronic Long Notice and Proof of Claim and Release Form and email the link to all such beneficial owners for whom valid email addresses are available within ten (10) calendar days of receipt of the link from the Claims Administrator; or (iii) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and within ten (10) calendar days of receipt, mail the Postcard Notice directly to the beneficial owners of the TAL ADSs. If you choose to follow alternative procedures (ii) or (iii), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to $0.02 per name, address, and email address provided to the Claims Administrator; up to $0.02 per Postcard Notice mailed by you, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.02 per notice sent by

email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.


DATED: _____ __, 2026                    BY ORDER OF THE UNITED
                                          STATES DISTRICT COURT FOR
                                          THE DISTRICT OF NEW JERSEY