EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORDAN LEWANDOWSKI, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TAL EDUCATION GROUP, and BANGXIN ZHANG,<br><br>    Defendants. | Case No.: 2:23-cv-01769-MEF-JRA |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

WHEREAS, a class action is pending in this Court entitled *Lewandowski v. TAL Education Group,* Case No. 2:23-cv-01769-MEF-JRA (the "Action");

WHEREAS, (a) Lead Plaintiff Xuanjun Meng and named plaintiff Jordan Lewandowski ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) Defendant TAL Education Group ("TAL" or "Defendant," and with Plaintiffs, the "Parties"), have determined to settle all claims asserted against Defendant (and certain previously dismissed individual defendants) in this Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated February 13, 2026 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendant in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2026 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for

1

purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2026 (the "Settlement Fairness Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendant; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendant.

2.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel fairly and adequately represent the interests of the

Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action. The Settlement Class is being certified for settlement purposes only.

3.      The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of persons who purchased or otherwise acquired publicly-traded TAL American Depositary Shares ("ADSs") between January 14, 2022 through March 14, 2023, both dates inclusive ("Class Period"), and held their ADSs until at least March 14, 2023  (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) officers and directors of TAL, and any subsidiaries thereof, (iii) the family members, heirs, assigns, and legal representatives of all persons set out in (i) and (ii), and (iv) all entities controlled by the persons set out in (i)-(ii); and (v) Judge Michael E. Farbiarz, his current or former chambers staff, and any of his family members. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement

3

Class ("Class Representatives") and Lead Counsel previously selected by Plaintiffs and appointed by the Court are hereby appointed as class counsel for the Settlement Class ("Class Counsel").

5.    The Court hereby finds that the forms and methods undertaken to notify the Settlement Class of the Settlement and its terms and conditions: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment [except those persons and entities listed on Exhibit 1 hereto].

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement, including the Settlement Amount of fourteen million, one hundred thousand dollars ($14,100,000), are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and Defendant. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved

4

in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

7.     The Action and the Amended Class Action Complaint for the Violation of the Federal Securities Laws ("Complaint"), as well as all of the Released Claims, are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

8.     In accordance with the terms of the Stipulation, Plaintiffs, and each of the other Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund), on behalf of themselves, and on behalf of any other Person legally entitled to bring Settlement Class Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged each and every one of the Settlement Class Claims against Defendant and the other Released Defendant Parties, and shall be forever barred and enjoined from commencing, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims against any of the Released Defendant Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

9.     In accordance with the terms of the Stipulation, Defendant, on behalf of itself, and on behalf of any other Person legally entitled to bring Defendant Claims on behalf of Defendant in such capacity only, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged each and every one of the Defendant Claims against Plaintiffs and the other Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting each and every one of the Defendant

Claims against any of the Released Plaintiff Parties.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.    Notwithstanding paragraphs 8 and 9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.    Any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Settlement Class Claims (a) by any person or entity against any of the Released Defendant Parties, or (b) by any of the Released Defendant Parties against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act of 1995, and/or applicable common law (the "Bar Order"); provided, however, the Bar Order shall not: (a) release any claims relating to the enforcement of the Settlement or any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (b) preclude Defendant or the Previously Released Defendants from seeking to enforce any rights of contribution or indemnification that Defendant or the Previously Released Defendants may have under any contract, corporate charter, or bylaw, or any right for insurance coverage under any insurance, reinsurance, or indemnity policy.

12.    [The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

13.    The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. §1715, to the extent applicable to the Action, have been satisfied.

14.     The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15.     Neither this Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)     referred to or used against Defendant or the Previously Dismissed Defendants or against the Class Representatives or the Settlement Class as evidence of wrongdoing by anyone;

(b)     construed against Defendant or the Previously Dismissed Defendants or against the Class Representatives or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)     construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d)     used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Previously Dismissed Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

16.     Exclusive jurisdiction is hereby retained over Defendant and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, and including any application

for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19. The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Class Counsel's application for an award of attorneys' fees and expenses and for awards to the Class Representatives for their participation in the Action on behalf of the Settlement Class.

20. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, this Judgment shall be rendered null and void and be vacated. The terms and conditions of the Stipulation shall govern any termination or the effect of any termination thereof.


Dated: _____, 2026                    _____
                                            HON. MICHAEL E. FARBIARZ
                                            UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**